■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MCDONALD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hutcherson, J.), rendered April 10, 1985, convicting him of rape in the first degree, sodomy in the first degree (two counts), sexual abuse in the first degree, assault in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered, that the judgment is affirmed.

Viewing the evidence in a light most favorable to the prosecution, as we must do on appeal (see, People v Malizia, 62

NY2d 755, 757, *cert denied* 469 US 932), any rational trier of fact could have found that the essential elements of the sex-related crimes were proven beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). The defendant's contention that there was insufficient evidence establishing his guilt is essentially based upon the complainant's alleged lack of credibility, which we have repeatedly held to be a matter for the jury to resolve *(see, e.g., People v Cox,* 114 AD2d 968; *People v Batts,* 111 AD2d 761; *People v Cassidy,* 109 AD2d 747). In any event, the complainant's testimony was supported by that of a disinterested witness, as well as one of the police officers who responded to the scene.

The defendant also contends that a number of alleged prosecutorial improprieties occurred during the trial which deprived him of a fair trial. To the extent that these claimed errors have been preserved for our review by an appropriate objection, we find that the trial court, in sustaining the objections, minimized whatever prejudice may have resulted from the prosecutor's improper questions or remarks. Significantly, the defense counsel never sought a curative instruction, nor did he move for a mistrial. As to those claimed errors which are unpreserved for review *(see,* CPL 470.05 [2]), we find, based upon the entire record, that a new trial is not warranted in the interest of justice.

Furthermore, there is no merit to the defendant's argument that he did not receive a fair trial merely because the court, in its main charge to the jury, initially defined forcible compulsion by using the "earnest resistance" language which was no longer part of the law at the time the incident at bar occurred *(see,* Penal Law former § 130.00 [8], amended by L 1982, ch 560, § 1; L 1983, ch 449, § 1). If anything, the defendant benefited by the fact that the jury heard a definition which imposed a higher burden of proof on the People. Moreover, it is not disputed that the court gave the correct definition in its supplemental charge, after the prosecutor advised the court of its error. The defendant's claim that the jury was confused by the supplemental charge is sheer speculation, since there is nothing in the record to support his argument.

Finally, we find that the sentence imposed was appropriate under the circumstances. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.