■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELI RODRIGUEZ, Appellant. [599 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered August 31, 1981, convicting him of murder in the second degree (two counts), and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and a codefendant were charged with crimes relating to robbery and murder. After being apprehended by the police, the defendant gave a statement admitting his presence at the scene of the crime, and acknowledging that he knew the codefendant planned to stab and rob the victim. In the statement, he denied that he had participated in the actual stabbing of the victim. The codefendant, however, when apprehended, admitted stabbing the victim and told the police that the defendant had also stabbed the victim, and that the two had done so according to a prearranged plan.

The two were tried jointly. At the trial, the defendant's attorney, the court, and the defendant engaged in a colloquy, on the record, in which the defendant's attorney warned the defendant that by testifying for the codefendant he was entering the realm of self-incrimination, and that such a course was inadvisable. The defendant's attorney advised the defendant against doing so. Upon hearing this, the court emphasized that the attorney was so advising the defendant and that the choice was the defendant's. The defendant then testified and swore that he alone stabbed and killed the victim.

At the trial, in recounting the event, the defendant testified that while he and the codefendant were at the victim's apartment, the codefendant complained that he was sick and went into the bathroom. According to the defendant, the victim

then made homosexual advances towards the defendant, and the defendant "went bananas", stabbing the victim several times. The defendant testified that the codefendant had nothing to do with the stabbing. The defendant's testimony was lucid, emphatic, and utterly without ambiguity, and we are unprepared to say that his testimony was untruthful or coerced. The defendant does not argue that it was anything but the truth.

We reject the defendant's contention that he was deprived of the effective assistance of counsel. In resolving claims of ineffective assistance of counsel, the critical issue is whether, viewed in totality, the defense counsel provided meaningful representation (see, People v Benn, 68 NY2d 941). Trial counsel proceeded as effectively as possible in light of the overwhelming evidence of the defendant's guilt, not the least of which was the defendant's confession made on the stand at the trial, against the strenuous advice of his trial counsel. The defense counsel made pretrial motions, effectively cross-examined the People's witnesses, raised appropriate objections, and attempted to dissuade his client from testifying on the codefendant's behalf. Thus, taken as a whole, his performance was sufficiently competent to satisfy the defendant's constitutional right to the effective assistance of counsel (see, People v Benn, supra).

During deliberations, the trial court received a note from the jury requesting a lengthy readback. The court, without sharing the note with counsel, instructed the clerk to tell the jury that the readback would consume about six hours. The clerk did so, also asking the jury "what their pleasure was". The jury made no response. Sometime thereafter, an off-the-record conference was held in chambers in which the Judge informed the attorneys about the note and his response to it. Nothing was placed on the record at that time, nor is there any indication that either attorney wanted to reinstruct the jury on that issue. The jury continued its deliberations and submitted a second note requesting other readbacks. At this time, however, the codefendant's attorney asked to place on the record his objection to the procedure the court used to respond to the first note, but neither he nor the defendant's attorney pressed the point or asked the court to give the jury the requested testimony, or even to reopen the issue. Nevertheless, we will review the issue in the exercise of our interest of justice jurisdiction.

We agree with the defendant that it was improper for the court to respond to the jury's first note without first notifying

the defendant and his attorney. However, because of the unusual facts of this case, we do not believe that reversal is mandated. In *People v O'Rama* (78 NY2d 270), the Court of Appeals reversed the defendant's conviction, and in doing so rejected the prosecution's claim that the defendant suffered no prejudice when the court withheld the contents of a juror's note from counsel. The note was critical to the defense attorney's analysis of the case and its tactical stance. The *O'Rama* Court concluded that "[m]anifestly, defendant was prejudiced by the court's actions, since the decision to withhold the contents of the juror's note deprived him of the opportunity to have input, through counsel or otherwise, into the court's response to an important, substantive jury inquiry" *(People v O'Rama, supra,* at 279-280). In contrast, the note in the case was disclosed to the defendant's counsel while the jury was still deliberating, the defendant's counsel did not press the issue at that point or thereafter, and, most importantly, considering the unique facts of this case, there was no possible prejudice to the defendant *(see, People v Agosto,* 73 NY2d 963; *see generally, People v Lykes,* 81 NY2d 767).

Here, the defendant took the stand at trial and fully and unconditionally admitted his guilt of the crimes charged. Thus, with respect to him, the trial was the equivalent of an elongated plea of guilty. Indeed, twice during the trial, the defendant sought to plead guilty. Under these circumstances, the errors complained of could not have had any conceivable influence on the outcome, and thus a new trial is not warranted.

We have considered the defendant's remaining contentions and find them to be without merit. Balletta, J. P., Rosenblatt, Ritter and Santucci, JJ., concur.