■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMIE CROSBY, Also Known as BOBBY TAYLOR, Appellant. [633 NYS2d 364] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Wade, J.), rendered September 17, 1992, convicting him of burglary in the second degree (two counts) and robbery in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court's charge, when viewed in its entirety, does not warrant reversal *(cf., People v Hollis,* 106 AD2d 462). The court carefully outlined the defendant's contentions and drew adequate attention to the possible unreliability of the identification testimony *(see, People v Whalen,* 59 NY2d 273).

As the People correctly concede, it is clear from the record that the trial court was laboring under the mistaken impression that it was required to impose consecutive sentences for the two burglaries the defendant committed. The decision of whether to impose concurrent or consecutive sentences is within the discretion of the sentencing court *(see,* Penal Law § 70.25). Accordingly, we vacate the sentence imposed and remit the matter to the Supreme Court, Kings County, for resentencing in the trial court's discretion.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.