■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELIJAH LITTLE, Appellant. [654 NYS2d 66] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment following a jury verdict finding him guilty of attempted murder in the second degree (Penal Law §§ 110.00, 125.25). On appeal, he contends that he was deprived of the opportunity to make a timely appearance before the Grand Jury, that he was denied effective assistance of counsel, and that County Court erred in admitting footprint identification evidence without proper foundation.

Defendant did not give timely notice prior to the prosecution's presentment of evidence and the Grand Jury vote on the indictment and thus waived any challenge to the indictment on the ground that he was not allowed to make a timely appearance before the Grand Jury (see, People v Sumpter, 178 AD2d 973, lv denied 80 NY2d 896). In any event, defendant testified before the Grand Jury after an indictment was issued and, following his testimony, a superseding indictment was issued.

The evidence, the law, and the circumstances of this case, viewed in totality as of the time of the representation, establish that defendant received meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147).

The testimony of a detective regarding his observations of footprints in the snow and his conclusion that the footprints were similar to the prints left by defendant's boots is not a matter of expert opinion (see, People v Rosa, 138 AD2d 756, lv denied 72 NY2d 866). In any event, defendant opened the door to that testimony by asking the detective on cross-examination whether he had made any comparison between defendant's boot and the footprints in the snow. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Attempted Murder, 2nd Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Balio, JJ.