■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS VALENTIN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL COTTO, Appellant. [735 NYS2d 58] —Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 16, 1999, convicting defendant Valentin, after a jury trial, of attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, and judgment, same court and Justice, rendered November 17, 1999, convicting defendant Cotto, after the same jury trial, of assault in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The verdicts were based on legally sufficient evidence and were not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. While defendant Valentin challenges the sufficiency of the evidence of his accessorial liability, the totality of the course of defendants' conduct clearly establishes that Valentin was a participant in this attempted taxicab robbery (*see, People v Chalwell*, 272 AD2d 217, *lv denied* 95 NY2d 889). The evidence specifically warranted the conclusion that Valentin struck the victim during this incident. In a "masked repug-

nancy" claim (*see, People v Laboy*, 254 AD2d 80, *lv denied* 94 NY2d 825), Valentin argues that the verdict acquitting him of assault in the first degree, a count of which Cotto was convicted, establishes that the jury "rejected" the evidence tending to prove that he struck the victim. However, this claim speculates as to the jury's deliberative processes (*see, People v Tucker*, 55 NY2d 1, 7; *see also, United States v Powell*, 469 US 57, 68; *Ohio v Johnson*, 467 US 493, 500 n 9). In any event, under the facts of the case and the court's charge, the jury could have logically found that Valentin participated in the attempted robbery by striking the victim but that he, unlike Cotto, lacked the mental culpability (depraved indifference) for assault in the first degree under Penal Law § 120.10 (3).

The People's cross-examination of a detective called as a defense witness did not open the door to the introduction of defendant Cotto's statement to the police (*see, People v Melendez*, 55 NY2d 445). The cross-examination in question was a narrowly limited response to a specific issue raised by Cotto on direct examination.

Defendant Valentin has failed to preserve for appellate review his contention that the court erred in allowing lay opinion testimony from a police officer (*People v Tonge*, 93 NY2d 838; *see also, People v Rodriguez*, 50 NY2d 553), and we decline to review in the interest of justice. Were we to review this claim, we would find that the officer's testimony concerning his evaluation of the crash of the cab into a tree was based on his common sense observations of the scene (*see, People v Dax*, 233 AD2d 177, *lv denied sub nom. People v Hogue*, 89 NY2d 986), and that Valentin opened the door to such testimony in any event by asking the officer about his ability to evaluate accident scenes (*see, People v Little*, 236 AD2d 816, *lv denied* 89 NY2d 1096).

We perceive no basis for reduction of sentence. Concur— Williams, J. P., Tom, Lerner, Buckley and Friedman, JJ.