◼ The People of the State of New York, Respondent, v Shamel Hollenquest, Appellant. [849 NYS2d 899]—Appeal by

the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 27, 2006, convicting him of murder in the second degree (two counts), criminal possession of a weapon in the second degree, reckless endangerment in the first degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was denied the right to a fair trial as a result of a confusing portion of the court's jury charge is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v James*, 35 AD3d 762 [2006]; *People v Friend*, 296 AD2d 556 [2002]; *People v Gonzales*, 244 AD2d 570, 571 [1997]; *People v Rodriguez*, 194 AD2d 698, 699 [1993]). In any event, the defendant's contention is without merit (*see People v Curella*, 296 AD2d 578 [2002]; *People v Fenderson*, 203 AD2d 585, 586 [1994]; *People v McDonald*, 125 AD2d 500 [1986]; *see also People v Valentin*, 289 AD2d 172 [2001]).

The defendant's contention that he was denied a fair trial as a result of the prosecutor's misconduct on summation is not preserved for appellate review. The defendant failed to object or raised only general objections to the prosecutor's summation remarks, did not request curative instructions when his objections were sustained, and failed to move for a mistrial (*see People v Almonte*, 23 AD3d 392, 394 [2005]; *People v White*, 5 AD3d 511 [2004]; *People v Hunte*, 276 AD2d 717, 718 [2000]). In any event, to the extent that any of the prosecutor's comments made during summation were improper, any error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]; *see also People v Crosby*, 221 AD2d 357 [1995]). Rivera, J.P., Santucci, Covello and Balkin, JJ., concur.