Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered November 8, 2010, convicting him of criminal possession of a weapon in the second degree, unlawful possession of marijuana, unlawfully operating or driving a motor vehicle on a public highway, and improper equipment of a vehicle — defective brake lamp, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the People failed to establish the chain of custody for the ammunition recovered from a gun found in a car he was driving is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Gibson, 106 AD3d 834, 835 [2013]). In any event, the contention is without merit. A party seeking to introduce a fungible item of real evidence must show that the evidence offered is identical to that involved in the crime, and has not been tampered with (see People v Julian, 41 NY2d 340, 343 [1977]). “Proof of a complete chain of custody is one accepted technique for showing the authenticity of a fungible item of real evidence” (id.), and “generally requires that all those who have handled the item identify it and testify to its custody and unchanged condition” (People v Connelly, 35 NY2d 171, 174 [1974] [internal quotation marks omitted]). However, failure to establish the chain of custody of such an item may be excused where the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence (see People v Julian, 41 NY2d at 343). In these circumstances, gaps in the chain of custody go to the weight of the evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494 [2008]; People v Gibson, 28 AD3d 576, 576 [2006]). Here, the testimony presented by the People established circumstances providing reasonable assurances of the identity and unchanged condition of the ammuni *849 tion (see People v Hawkins, 11 NY3d at 494; People v McLaurin, 196 AD2d 511, 511 [1993]; People v Wilkerson, 167 AD2d 662 [1990]). Accordingly, the Supreme Court properly admitted the ammunition into evidence.
The defendant’s contention that the Supreme Court permitted the People to elicit improper lay opinion testimony from the arresting officer is unpreserved for appellate review (see CPL 470.05 [2]; People v Valentin, 289 AD2d 172, 173 [2001]) and, in any event, is without merit.
We agree with the defendant that the Supreme Court improperly precluded him from testifying, on direct examination, in support of his defense of temporary innocent possession, as to what he intended to do with the gun (see People v Almodovar, 62 NY2d 126, 130 [1984]; People v Pitt, 84 AD3d 1275, 1276 [2011]). However, the defendant testified as to what he intended to do with the gun on cross-examination, and under the circumstances presented, the error was harmless, as the evidence of the defendant’s guilt, without reference to the error, was overwhelming, and there was no reasonable possibility that the error contributed to the defendant’s conviction of criminal possession of a weapon in the second degree (see People v Crimmins, 36 NY2d 230, 237 [1975]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.R, Leventhal, Lott and Roman, JJ., concur.