People v Dym (2019 NY Slip Op 06793)





People v Dym


2019 NY Slip Op 06793


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-06032
 (Ind. No. 11-00457)

[*1]The People of the State of New York, respondent,
v
Shmuel Dym, appellant.


Ellen O'Hara Woods, New City, NY, for appellant.
Kevin P. Gilleece, Acting District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an amended judgment of the Supreme Court, Rockland County (Kevin F. Russo, J.), rendered March 21, 2018, revoking a sentence of probation previously imposed by the same court (William A. Kelly, J.), upon a finding that he violated conditions thereof, after a hearing, and imposing a sentence of imprisonment upon his previous conviction of course of sexual conduct against a child in the second degree (two counts) and endangering the welfare of a child (two counts).
ORDERED that the amended judgment is affirmed.
The defendant pleaded guilty to two counts of course of sexual conduct against a child in the second degree and two counts of endangering the welfare of a child, and was sentenced to a period of probation of 10 years. In 2016, two violation of probation petitions were filed, alleging that the defendant violated certain conditions of his probation. After a hearing, the Supreme Court found that the defendant had violated conditions of his probation by attending family gatherings with children present without an approved safeguard, leaving Rockland County without permission, and possessing sexually explicit images on his cell phone. The court revoked the defendant's prior sentence of probation and imposed a sentence of imprisonment. The defendant appeals.
"A finding of a violation of probation must be based upon a preponderance of the evidence" (People v Barnes, 159 AD3d 1001, 1002 [internal quotation marks omitted]; see CPL 410.70[3]; People v Stahl, 113 AD3d 640, 641). Here, a preponderance of the evidence supported the finding that the defendant violated the conditions of his probation. In that regard, contrary to the defendant's contention, the People established that he knowingly possessed the sexually explicit images on his cell phone (see People v Kent, 19 NY3d 290, 304). Contrary to the defendant's further contention, the circumstances provided reasonable assurance of the identity and unchanged condition of the cell phone and files therein, such that any gaps in the chain of custody affected the weight of the evidence, not its admissibility (see People v Hawkins, 11 NY3d 484, 494; People v Davidson, 111 AD3d 848).
Under the circumstances of this case, the defendant's waiver of his right to appeal, given at the time of his plea of guilty, cannot be enforced so as to preclude review of his contention [*2]that the amended sentence imposed upon his violation of conditions of his probation was excessive. At the time of the waiver, the defendant was not informed of the maximum sentence that could be imposed if he failed to conform to the conditions of probation. Since the defendant did not know the maximum sentence that he could face upon a violation of probation, he did not knowingly and intelligently waive his right to appeal from an amended sentence that, at that point, had not yet been declared by the Supreme Court (see People v Juwan L.D., 167 AD3d 645, 646; People v Yodice, 153 AD3d 1373, 1373-1374; cf. People v Maracle, 19 NY3d 925, 928; People v Lococo, 92 NY2d 825). Nevertheless, the amended sentence was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is unpreserved for appellate review, and, in any event, without merit.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court