■ The People of the State of New York, Respondent, v Richard Blount, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J), rendered April 29, 1986, convicting him of robbery in the second degree (two counts), assault in the second degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

We find no merit to the defendant's claim that the police officer lacked probable cause to arrest him without a warrant. The hearing evidence revealed that in the early morning hours of March 14, 1985, Officer Ronald Marten and his partner were patrolling the IRT subway line in Brooklyn looking for "rat packs" or roving gangs of youths preying on subway passengers when they observed the defendant and his three accomplices boarding and exiting the train at the Van Siclen Avenue and nearby stations. Soon thereafter they received a complaint from a passenger that he had been beaten and robbed by four youths. The victim provided a detailed description of all four youths. He described the defendant as a 22-year-old black male with a medium complexion and short hair wearing a beige coat and dark jeans. Later that morning the two officers spotted and arrested the defendant and two of his accomplices at the Rockaway Avenue subway station. As he placed his hands up against a wall at the officers' direction, the defendant dropped a gold chain and medallion from his hand and a subsequent search of the defendant's person produced a $5 bill whose serial number matched that of a "lucky" $5 bill taken from the victim during the robbery.

From this record we conclude that the totality of the information known to the officers, together with the reasonable inferences to be drawn therefrom were such as to warrant a prudent person to believe that a crime had been committed and that the defendant had committed it *(see,* CPL 70.10 [2]; *Brinegar v United States,* 338 US 160; *People v Bigelow,* 66 NY2d 417). Probable cause exists where, as here, the police officer observes a suspect in close proximity to the scene of the crime and to the time of its commission and the suspect's appearance matches a sufficiently detailed and particular description of the perpetrator which has been received by the officer *(see, People v White,* 117 AD2d 127). Inasmuch as the defendant's arrest was predicated upon probable cause, the jewelry and currency recovered incident to that arrest were properly ruled admissible.

With respect to the defendant's claim that he was denied effective assistance of counsel at the hearing, we conclude that in the context of the evidence and circumstances of this case, he received meaningful representation. Accordingly, his right to effective assistance of counsel has been satisfied *(see, People v Rivera,* 71 NY2d 705; *People v Montana,* 71 NY2d 705; *People v Baldi,* 54 NY2d 137).

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.