■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN R. ELEAZER, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered February 7, 1990, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues, *inter alia,* that his arrest was not supported by probable cause. We disagree. Contrary to the defendant's contentions, the arresting officer had probable cause to believe that a crime had been committed and that the defendant had committed it *(see, People v Carrasquillo,* 54 NY2d 248, 254; *see also, People v Ortiz,* 103 AD2d 303, 305, *affd* 64 NY2d 997; *People v McRay,* 51 NY2d 594, 602; *People v Duke,* 160 AD2d 1017).

The arresting officer received a radio transmission advising

of a fight in progress at a Suffolk County bar. The officer immediately went to the bar and observed the defendant running from the direction of the bar. Three men were chasing the defendant. One of the men yelled to the officer that the defendant—whom the man identified by name—had just stabbed his friend. The officer pursued the defendant, who approached and then voluntarily entered the officer's patrol car. After driving with the defendant some distance away from the men who had been pursuing him, the arresting officer received a second radio transmission concerning an individual wanted for attacking someone in the same bar. This radio transmission contained a physical description of the assailant which matched the defendant's appearance. The officer then placed the defendant in handcuffs and informed him that he was under arrest. Under the foregoing circumstances, the hearing court properly concluded that the defendant's arrest was supported by probable cause.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either lacking in merit or unpreserved for appellate review *(see, People v Green,* 75 NY2d 902, *cert denied* — US —, 111 S Ct 165; *People v Tinsley,* 35 NY2d 926; *People v Martin,* 157 AD2d 674; *People v Griffiths,* 155 AD2d 777; *People v Suitte,* 90 AD2d 80). Thompson, J. P., Harwood, Balletta and Copertino, JJ., concur.