■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLEVELAND ALFORD, Appellant. [603 NYS2d 880] —Appeal by the defendant from a judgment of the County Court, Westchester County (Scarpino, J.), rendered April 26, 1991, convicting him of criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Nicolai, J.), of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

The evidence adduced at the Mapp hearing established that the arresting officer received a radio transmission from another officer with whom he was working, stating that the officer had just observed a drug transaction at a playground. The officer described the suspect as a tall, heavy set black male, who was walking out of the playground towards a health center and had "it" in his front left pocket. Seconds after receiving the radio transmission, the arresting officer, who was in an unmarked police car located on the side of the playground opposite from the health center, observed the defendant, who fit the physical description, walking out of the playground towards the health center. The arresting officer then arrested the defendant. This evidence was sufficient to

meet the People's burden of establishing that it was more likely than not that the defendant was the person observed selling drugs *(see, People v Javier,* 175 AD2d 182; *People v Ivory,* 160 AD2d 730). Thus, the hearing court did not err in concluding that there was probable cause for the defendant's arrest. Rosenblatt, J. P., Ritter, Copertino and Pizzuto, JJ., concur.