■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ROSA, Also Known as JOSEPH KELLER, Appellant. [605 NYS2d 337] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Thomas, J.), rendered April 13, 1992, convicting him of burglary in the second degree,

criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

We find no basis to disturb the hearing court's determination that the police had probable cause to arrest the defendant. The hearing evidence showed that the arresting officer received a radio transmission that a burglary was in progress and that less than two minutes later, when the officer was just around the corner from the scene, an unidentified man pointed toward an alleyway and told him "he went that way". Within seconds, the officer observed the defendant attempting to hide in a carport within the alley. The defendant fit the radioed description of a white male wearing blue shorts and a white T-shirt. Viewed together, these facts and circumstances were sufficient to lead a reasonable person, possessing the same expertise as the arresting officer, to conclude that the defendant had committed the reported burglary (see, People v Alford, 198 AD2d 364; People v Eleazer, 182 AD2d 697; People v Javier, 175 AD2d 182; People v Thomas, 175 AD2d 188; People v Johnson, 174 AD2d 694; People v White, 117 AD2d 127). Therefore, the court properly denied suppression of the jewelry and screwdriver recovered from the defendant's pockets in the ensuing search. O'Brien, J. P., Copertino, Pizzuto and Santucci, JJ., concur.