■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDRE WILLIAMS, Respondent. [680 NYS2d 553] —Appeal by the People (1) from an order of the Supreme Court, Kings County (George, J.), dated April 28, 1997, which, after a hearing,

granted those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statement to law enforcement officials, and (2) as limited by their brief, from so much of an order of the same court, dated June 6, 1997, as, upon reargument, adhered to its prior determination.

Ordered that the appeal from the order dated April 28, 1997, is dismissed, as that order was superseded by the order dated June 6, 1997, made upon reargument; and it is further,

Ordered that the order dated June 6, 1997, is reversed insofar as appealed from, on the law, the order dated April 28, 1997, is vacated, those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and his statement to law enforcement officials are denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The arresting officer (who testified at the suppression hearing), had probable cause to believe that the defendant had committed a robbery. The officer had seen the defendant, whose appearance matched the complainant's description of the perpetrator, within five minutes after the robbery and only 1½ blocks from the scene of the crime (*see, People v Rosa,* 199 AD2d 433; *People v Alford,* 198 AD2d 364; *People v Blount,* 143 AD2d 924). The Supreme Court erred in suppressing the complainant's identification testimony, physical evidence recovered from the defendant, and a statement he made at the precinct. The court based its ruling on the People's failure to produce at the hearing any of the Housing Police Officers who had been pursuing the defendant before the arresting officer arrived at the scene. Even if we were to assume that the Housing Police Officers' pursuit was unlawful, suppression is unwarranted inasmuch as the evidence was not the result of any improper conduct on the part of the Housing Police, but rather, the product of the lawful conduct of the arresting officer, who had independent probable cause to arrest the defendant (*see, People v Chappell,* 201 AD2d 492).

The identification testimony is admissible. The showup procedure was conducted in close temporal and geographic proximity to the scene of the robbery and was not impermissibly suggestive (*see, People v Johnson,* 220 AD2d 775). The physical evidence was properly recovered in a search incident to the defendant's arrest (*see, People v Blount, supra*) and the defendant's statement was spontaneous and not the product of custodial interrogation (*see, People v Roper,* 208 AD2d 571). Consequently, those branches of the defendant's omnibus mo-

tion which were to suppress identification testimony, physical evidence, and his statement are denied. Rosenblatt, J. P., O'Brien, Altman and Friedmann, JJ., concur.