■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MARTE, Appellant. [747 NYS2d 74] —Judgment, Supreme Court, Bronx County (William Mogulescu, J., at hearing; Alexander Hunter, J., at jury trial and sentence), rendered March 22, 2000, convicting defendant of criminal possession of a controlled substance in the second degree, and sentencing him to a term of five years to life, unanimously affirmed.

Defendant's suppression motion was properly denied. Probable cause does not require proof beyond a reasonable doubt of the elements of the crime suspected by the police (*see, Brinegar v United States*, 338 US 160, 175; *People v Bigelow*, 66 NY2d 417, 423). The police had probable cause to arrest defendant for possession of altered cable television boxes. Police officers investigating a possible burglary of a small grocery store found defendant standing behind the store's cash register counter, an area accessible only to employees, with the cable boxes in question stacked directly behind him. The store was closed for business and defendant, who identified himself as an employee, was alone in the store. Accordingly, the police had probable cause to believe defendant was in possession of the boxes (*see, People v Whitehead*, 159 AD2d 741).

The police also had probable cause to believe that the cable boxes were contraband. The presence of multiple boxes, not connected to television sets, was highly suspicious. Moreover, the officer testified that one of the boxes appeared, based on his experience, to have been illegally tampered with and the boxes appeared to be for sale in a store clearly having no relationship to any cable television provider. Under all these circumstances, the officer reasonably concluded that these were unlawfully altered boxes that were being used in a cable fraud scheme.

We perceive no basis for a reduction of sentence. Concur— Williams, P.J., Saxe, Buckley, Sullivan and Ellerin, JJ.