■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO VELEZ, Appellant. [873 NYS2d 657]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Adler, J.), rendered December 9, 2004, convicting him of burglary in the second degree (two counts) and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony. By opinion and order of this Court dated February 6, 2007, the matter was remitted to the County Court, Westchester County, for a de novo suppression hearing before a different Judge, and a report thereafter, on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony, and the appeal was held in abeyance in the interim (*see* 39 AD3d 38 [2007]). The County Court has filed its report. Justices Skelos and Santucci have been substituted for Justices Crane and Lunn (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgment is affirmed.

Three witnesses saw the defendant outside of two houses that were later discovered to have been burglarized, and one of those witnesses called 911, the police emergency telephone number. When police officers arrived at the scene, Sergeant Michael Kreso spoke to that witness and another one of the witnesses.

Meanwhile, other police officers heard the 911 call and subsequent radio transmissions and stopped the defendant minutes later on McLean Avenue, a few blocks away from the burglarized homes. While the police detained the defendant, Sergeant Kreso brought two of the witnesses (hereinafter the witnesses) to McLean Avenue, where they positively identified him. The police searched the defendant and found items of jewelry and cash later discovered to have been taken from the burglarized homes.

The defendant moved, inter alia, to suppress physical evidence taken from him at the time of his arrest. He argued that the police handcuffed and searched him immediately, before he was positively identified, and therefore the arrest was without probable cause, and the subsequent search was unlawful. Sergeant Kreso and Detective Robert Benash testified at the

suppression hearing. They stated that, at the time the witnesses viewed the defendant, he was *sitting on the curb*, was not in handcuffs, and had not yet been searched. Then, after the witnesses positively identified the defendant, he was searched.

The hearing court denied those branches of the motion which were to suppress physical evidence and identification testimony, finding that the police had reasonable suspicion to stop the defendant because of the 911 broadcasts, and that probable cause to arrest had arisen after the positive identification.

However, during the trial, the witnesses testified that when they arrived to view the defendant, he was already on the ground, handcuffed, and being searched. After this testimony the defendant moved to reopen the suppression hearing pursuant to CPL 710.40 (4). The court denied the motion.

On appeal, this Court determined that the trial court erred in denying the motion to reopen the suppression hearing because the trial testimony of the witnesses, which contradicted the hearing testimony of Detective Benash and Sergeant Kreso as to whether the defendant was handcuffed and being searched when they first viewed him at the showup identification, constituted new facts which could not have been discovered with reasonable diligence before the determination of the motion, and which were pertinent to the suppression issue (*see People v Velez*, 39 AD3d 38, 43-44 [2007]). Accordingly, this Court remitted the case to the County Court, Westchester County, for a de novo suppression hearing before a different Judge, and a report thereafter, on those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony (*see People v Velez*, 39 AD3d 38 [2007]), and the appeal was held in abeyance in the interim.

In accordance with this Court's opinion and order, the County Court, Westchester County (Bellatoni, J.), conducted a de novo hearing on June 18, 2007 and June 19, 2007. At the hearing, the People called Detective Benash, Investigator Angelo Prestamo, Police Officers Michael Kostewich and Thomas Krogan of the Yonkers Police Department, and the witnesses. The defendant called Officer Kreso.

The de novo hearing court correctly determined that probable cause existed to arrest the defendant prior to the showup identification and subsequent search. "Probable cause exists where . . . the police officer observes a suspect in close proximity to the scene of the crime and to the time of its commission and the suspect's appearance matches a sufficiently detailed and particular description of the perpetrator which has been received by the officer" (*People v Blount*, 143 AD2d 924, 925

[1988]). "Probable cause for a warrantless arrest does not require proof sufficient to support a conviction, but merely information which would lead a reasonable person who possesses the same expertise as the officer to conclude, under the circumstances, that a crime is being or was committed" (*People v Cooper*, 38 AD3d 678, 679 [2007] [internal quotation marks omitted]; *see People v Hicks*, 68 NY2d 234, 238 [1986]; *People v Marte*, 295 AD2d 102 [2002]). Here, the evidence before the de novo hearing court showed that the police officers received, in quick succession, transmissions indicating that (1) there was a suspicious person in the vicinity of 174 Tibbetts Road, along with a detailed description of that person, including that he was riding a yellow scooter, and (2) there was an open window at 184 Tibbetts Road and the same suspect was seen fleeing from behind that house on the yellow scooter. Accordingly, because the defendant matched the physical description of the suspect and was riding a yellow scooter when he was stopped by the police before the witnesses' identification, the police had information that reasonably led them to conclude that a crime had been committed, and that the defendant was the perpetrator (*see People v Cooper*, 38 AD3d at 679; *People v Williams*, 254 AD2d 379 [1998]; *People v Hughes*, 227 AD2d 976 [1996]; *People v Rosa*, 199 AD2d 433, 434 [1993]; *People v Blount*, 143 AD2d at 925; *cf. People v Sanchez*, 276 AD2d 723, 724 [2000]).

Further, the de novo hearing court correctly determined that although the showup identification was unduly suggestive (*see e.g. People v James*, 218 AD2d 709, 710 [1995]), the witnesses identified the defendant in court based on a sufficiently established independent source (*see People v Brown*, 236 AD2d 549, 550 [1997]). Accordingly, the physical evidence and identification testimony were properly admitted.

The defendant's contention that the evidence was legally insufficient to support a conviction for burglary is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492-493 [2008]), and in any event, is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed for burglary in the second degree was not excessive (*see People v Suitte*, 90 AD2d 80, 85 [1982]).

The defendant's remaining contention is unpreserved for ap-

pellate review, and we decline to review it in the exercise of our interest of justice jurisdiction. Spolzino, J.P., Skelos, Fisher and Santucci, JJ., concur.