SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**794**

**KA 11-00293**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DOUGLAS K. MARTIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DONNA A. MILLING OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered January 4, 2011. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant failed to preserve for our review his challenge to the authenticity of the recording of police radio transmissions inasmuch as he did not object to their admission in evidence at the suppression hearing that preceded the plea (*see* CPL 470.05 [2]; *People v Mack*, 89 AD3d 864, 866, *lv denied* 18 NY3d 959; *People v Alexander*, 48 AD3d 1225, 1226, *lv denied* 10 NY3d 859). In any event, defendant's contention that the recording is inauthentic because it may have been digitally "burned" is based upon mere speculation and is therefore without merit.

We reject defendant's further contention that Supreme Court erred in refusing to suppress the weapon found in his vehicle and his statements to the police, which he alleges were the fruit of an illegal stop and search of his vehicle. The police had reasonable suspicion to stop defendant's vehicle (*see People v Caponigro*, 76 AD3d 913, 913-914, *lv denied* 15 NY3d 952; *People v Velez*, 59 AD3d 572, 575, *lv denied* 12 NY3d 860), and the incremental series of investigative steps taken thereafter were lawful (*see generally People v Torres*, 74 NY2d 224, 231 n 4). Finally, to the extent that defendant's contention that he was denied effective assistance of counsel survives his plea of guilty (*see People v Hawkins*, 94 AD3d 1439, 1441), we conclude that it lacks merit (*see generally People v Ford*, 86 NY2d 397, 404).

Frances E. Cafarell
Clerk of the Court