This memorandum is uncorrected and subject to revision before publication in the New York Reports.
-----------------------------------------------------------------

No. 67
The People &c.,
           Respondent,
         v.
Joel Joseph,
           Appellant.

Arthur H. Hopkirk, for appellant.
Lindsey Richards, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

The issue of whether the police had probable cause to arrest defendant involves a mixed question of law and fact (see People v Oden, 36 NY2d 382, 384 [1975]) and is therefore beyond this Court's further review power if the Appellate Division's

- 1 -

determination is supported by evidence in the record.  In this
case, there is record support for the conclusion that the police
possessed probable cause.

Members of the New York Drug Enforcement Task Force
were following a man whom they knew to be a narcotics trafficker,
based on confidential information confirmed by subsequent
surveillance, as he drove through Manhattan.  One of the
experienced narcotics officers saw defendant and the surveillance
target engage in a hasty interaction indicative of a drug
transaction, in which defendant took a bag from the trunk of the
target's motor vehicle, while the target remained in the driver's
seat.  Defendant was arrested, and a search of his person
incident to arrest recovered a bag containing cocaine.  Defendant
moved to suppress the physical evidence, contending that the
officers lacked probable cause to arrest him.

After a Darden hearing (see People v Darden, 34 NY2d
177 [1974], rearg denied 34 NY2d 995 [1974]), Supreme Court found
that the confidential information had given the police "cause to
believe" that the surveillance target was engaged in "drug
activity."  Insofar as a Darden hearing is held to ensure "that
the confidential informant both exists and gave the police
information sufficient to establish probable cause" (People v
Edwards, 95 NY2d 486, 494 [2000]), it may be inferred from the
Darden hearing court's ruling, which was adopted by the
suppression court for the purpose of determining probable cause,

that the confidential information was not stale by the time of defendant's arrest.

Furthermore, the officer's justified belief that the surveillance target was trafficking in narcotics, together with the manner in which the bag was removed from the car, support the lower courts' conclusion that the police had probable cause to arrest defendant for criminal possession of a controlled substance.  Record support for probable cause may be found on the basis of "indicia of a drug transaction" known to "an experienced officer . . . trained in the investigation and detection of narcotics," which include "handl[ing] [an] unidentified object in a manner typical of a drug sale" (People v Jones, 90 NY2d 835, 837 [1997]; see generally People v McRay, 51 NY2d 594, 601-602 [1980]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided May 3, 2016