Brown v City of New York (2019 NY Slip Op 02295)





Brown v City of New York


2019 NY Slip Op 02295


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


8811 303170/13

[*1]Nadine Brown, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents, The New York City Police Department, et al., Defendants.


Nazrali Law, New York (John Paul DeVerna and Charen Kim of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondents.



Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on or about September 19, 2017, which, in this action alleging, inter alia, false arrest and malicious prosecution, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
The record shows that plaintiff worked as a hair stylist in a salon that she owned and operated; that a confidential informant had made two buys of marijuana at the hair salon from a male employee of the salon and stated where the marijuana was stored; that upon entry pursuant to a search warrant to the salon where plaintiff and other employees were present, the officers found a number of ziploc bags of marijuana stored where the confidential informant had advised; and that the officers then found larger amounts of marijuana in other areas of the salon, all of which was located in areas where any employee could readily access it (see People v Marte, 295 AD2d 102 [1st Dept 2002], lv denied 98 NY2d 769 [2002]). Accordingly, dismissal of the false arrest claim was proper since there was probable cause for plaintiff's arrest for constructive possession of marijuana (see De Lourdes Torres v Jones, 26 NY3d 742, 759 [2016]; Veloz v City of New York, 161 AD3d 668 [1s Dept 2018]).
The existence of probable cause is also fatal to plaintiff's malicious prosecution claims (see Nadal v City of New York, 105 AD3d 598 [1st Dept 2013], lv denied 21 NY3d 861 [2013]), as is the fact that the adjournment in contemplation of dismissal did not constitute a termination of the case in her favor (see
Hollender v Trump Vil. Coop., 58 NY2d 420, 425-426 [1983]; Campbell v City of New York, 159 AD3d 436 [1st Dept 2018).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK