People v Tapia (2025 NY Slip Op 04940)

People v Tapia

2025 NY Slip Op 04940

Decided on September 11, 2025

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2025

No. 119 

[*1]The People & c., Respondent,
v
Felix Tapia, Appellant.

Submitted by Harold V. Ferguson, Jr., for appellant. 
Submitted by Jacob C. Marcus, for respondent.

MEMORANDUM:
The order of the Appellate Division should be affirmed.
Defendant was indicted on various drug-related charges, including criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). He moved to suppress physical evidence recovered after his arrest. Supreme Court held a suppression hearing and ruled the evidence admissible.
The Appellate Division affirmed the subsequent judgment of conviction, with one Justice dissenting (230 AD3d 1009 [1st Dept 2024]). The dissenting Justice granted defendant leave to appeal (42 NY3d 1055 [2024]).
"The issue of whether the police had probable cause to arrest defendant involves a mixed question of law and fact and is therefore beyond this Court's further review . . . if the Appellate Division's determination is supported by evidence in the record" (People v Joseph, 27 NY3d 1009, 1010 [2016] [internal citation omitted]). Here, there is record support for the finding that the police possessed probable cause to arrest defendant.
The "factors relevant to assessing probable cause include the exchange of currency; whether the particular community has a high incidence of drug trafficking; the police officer's experience and training in drug investigations; and any additional evidence of furtive . . . behavior on the part of the participants" (People v Jones, 90 NY2d 835, 837 [1997] [internal quotation marks omitted]). Contrary to defendant's contention, the absence of a "telltale sign" of a drug transaction is not fatal to a finding of probable cause. As we have explained, "a 'telltale sign' [*2]of narcotics strongly suggests an illicit drug transaction," but it is not "an indispensable prerequisite to probable cause" (id.). Probable cause may also "be found on the basis of 'indicia of a drug transaction' known to 'an experienced officer trained in the investigation and detection of narcotics,' which include 'handling an unidentified object in a manner typical of a drug sale'" (Joseph, 27 NY3d at 1011, quoting Jones, 90 NY2d at 827 [ellipsis and brackets omitted]).
There is record evidence of several of those factors prior to defendant's arrest. The testifying officer had formal training and experience in observing narcotics transactions, and he and his partners were stationed in an area known for drug-related activity. Indeed, in the six months prior to defendant's arrest, the testifying officer had made about ten narcotics-related arrests within two blocks of the motel. The officers also saw defendant "engage in [ ] behavior consistent with that of a narcotics seller" (People v McRay, 51 NY2d 594, 606 [1980]), including nervous glancing, reaching into his waistband without looking down, and two separate interactions with the same woman, each involving an exchange of an object. Although the officers did not identify the object the woman acquired during the second interaction until after defendant's arrest, the woman's clenched fist and rapid departure indicated her desire to conceal it. Under these circumstances, there was record support for the finding that defendant's arrest was supported by probable cause.
On review of submissions pursuant to section 500.11 of the Rules, order affirmed, in a memorandum. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro, Troutman and Halligan concur.
Decided September 11, 2025