People v Geter (2026 NY Slip Op 00387)

People v Geter

2026 NY Slip Op 00387

Decided on January 28, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 28, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2023-01106

[*1]The People of the State of New York, respondent,
vKeith A. Geter, appellant. (Ind. Nos. 66/22, 70507/22)

Steven A. Feldman, Manhasset, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Winter A. Vega of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered January 9, 2023, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bolton, 235 AD3d 995; People v Young, 225 AD3d 903). The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d 248, 256).
The defendant's contention that the County Court erred in denying his motion for substitution of new assigned counsel, made at the beginning of a suppression hearing, is precluded by the valid appeal waiver, except to the extent that his claim implicates the voluntariness of his plea (see People v Portillo, 242 AD3d 1222, 1223; People v McErlean, 149 AD3d 872, 873). To the extent that the defendant argues that the denial of his motion for substitution of new assigned counsel implicated the voluntariness of his plea, the record does not provide a basis to conclude that the defendant's motion was based on specific factual allegations of serious complaints about his counsel (see People v Porto, 16 NY3d 93, 100; People v Portillo, 242 AD3d at 1223).
To the extent that the defendant contends that the County Court impermissibly punished him for exercising his right to a suppression hearing, that contention is unpreserved for appellate review and, in any event, without merit (see People v Gilmore, 226 AD3d 1047, 1048; People v Parker, 180 AD3d 1072, 1073).
The defendant's contention that the County Court erred in denying that branch of his omnibus motion which was to suppress physical evidence is not precluded by his valid appeal waiver, since the plea agreement expressly excluded challenges to the court's suppression ruling.
The factors relevant to assessing probable cause in the context of a drug transaction include "'the exchange of currency; whether the particular community has a high incidence of drug trafficking; the police officer's experience and training in drug investigations; and any additional evidence of furtive . . . behavior on the part of the participants'" (People v Tapia, _____ NY3d _____, _____, 2025 NY Slip Op 04940, *1, quoting People v Jones, 90 NY2d 835, 837). "'Probable cause exists where . . . the police officer observes a suspect in close proximity to the scene of the crime and to the time of its commission and the suspect's appearance matches a sufficiently detailed and particular description of the perpetrator which has been received by the officer'" (People v Velez, 59 AD3d 572, 574, quoting People v Blount, 143 AD2d 924, 925; see People v Staley, 239 AD3d 893, 895).
Here, the testimony at the suppression hearing established that police officers received information about an active 911 call in which an identified caller reported seeing a heavyset black man on a scooter selling drugs at a location nearby an area known to the police to have a high incidence of drug trafficking. Within one minute of receiving that information, the officers arrived at that location and saw the defendant, who matched the description given by the caller, sitting on his scooter with two other people standing close by. The defendant handed something to one of the individuals and received currency in exchange. When the officers, who were in uniform and driving a marked patrol vehicle, approached the defendant, he immediately fled on his scooter. Under these circumstances, having probable cause to arrest the defendant, the officers' search of the defendant after he was handcuffed was lawful (see People v Staley, 239 AD3d at 895; People v Velez, 59 AD3d at 574).
CHAMBERS, J.P., VOUTSINAS, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court