■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GRAHAM, Appellant.—Judgment, Supreme Court, New York County (Paul P.E. Bookson, J.), rendered July 31, 1990, convicting defendant, after a jury trial of robbery in the second degree, and sentencing him, as a violent predicate felon, to a prison term of 5½ to 11 years, unanimously affirmed.

Defendant argues that his conviction should be reversed because the police released the allegedly stolen coat to the victim in violation of Penal Law § 450.10, resulting in its nonproduction at trial and attendant prejudice to defendant. We agree with the People that the point is unpreserved (CPL 470.05 [2]). Although defense counsel extensively cross-examined the victim, as well as the arresting officer, about the coat, counsel did not request the court to rule on the propriety of the release of the coat or to seek an instruction to mitigate any alleged harm caused by its release *(see,* Penal Law § 450.10 [10]). In any event, if we were to reach the issue in the interest of justice, we would find that the return of the coat by the police to the shirtless victim shortly after the robbery on the very cold January evening does not justify

reversal, since mere "[n]oncompliance alone [with Penal Law § 450.10] is insufficient to require reversal * * * particularly where, as here, defendant * * * did not suffer prejudice or establish that the statutory violation was intentional or in bad faith" *(People v Borders,* 163 AD2d 852, *lv denied* 76 NY2d 891). Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.