■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. LIBBY, SR., Appellant. [696 NYS2d 419] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered May 18, 1998, convicting him of rape in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Ritter, Joy, Altman and Smith, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY McDOWELL, Appellant. [696 NYS2d 465] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered May 21, 1996, convicting him of robbery in the first degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

There is no merit to the defendant's contention that he is entitled to a new trial because the People failed to provide him with notice, pursuant to Penal Law § 450.10, that the complainant's stolen telephone calling card, recovered from the defendant upon his arrest, was returned to the complainant prior to trial. Absent prejudice or a showing that the statutory violation was intentional or in bad faith, reversal is not warranted (*see, People v Watkins,* 239 AD2d 448; *People v Siriani,* 216 AD2d 595; *People v Dent,* 183 AD2d 723).

The defendant's remaining contentions are without merit. S. Miller, J. P., O'Brien, Friedmann and Florio, JJ., concur.