■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASSON ZARIF, Appellant. [737 NYS2d 339] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered March 9, 2000, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Defendant's confession was properly corroborated, as required by CPL 60.50. That statute is satisfied "by the production of some proof, of whatever weight, that a crime was committed by someone" (*People v Daniels*, 37 NY2d 624, 629). Here, the circumstances of the victim's disappearance strongly suggested a homicide, because the evidence was wholly inconsistent with the possibility that she abandoned her possessions and departed without ever contacting any of her relatives (*People v Lipsky*, 57 NY2d 560, 572). Moreover, there was evidence of defendant's motive to kill his wife and of his repeated display of a consciousness of guilt, both of which may constitute corroboration of the existence of a crime (*see, id.* at 571).

The trial court properly denied defendant's request to charge first-degree manslaughter as a lesser included offense, since there was no reasonable view of the evidence whereby defendant intended to cause only serious physical injury (*People v Evans*, 192 AD2d 671, *lv denied* 82 NY2d 753). Defendant's confession, the only evidence concerning the manner in which the crime was committed, established that he shot his wife several times in the head and chest at close range, and contained a specific admission of homicidal intent. Defendant's claim that there was a reasonable view of the evidence whereby

he intended to kill his wife, but committed only first-degree manslaughter under a theory of extreme emotional disturbance as set forth in Penal Law § 125.25 (1) (a) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find no factual basis upon which to charge the affirmative defense of extreme emotional disturbance (*see, People v Binkley*, 278 AD2d 124, *lv denied* 96 NY2d 756).

The court properly admitted limited testimony about prior threats that defendant had made against his wife, since evidence of these prior bad acts was probative of defendant's motive and intent to kill her, and provided necessary background information to explain the hostile nature of their relationship (*see, People v Wiggins*, 279 AD2d 370, *lv denied* 96 NY2d 869). Defendant's remaining challenges to the uncharged crimes evidence go to its weight, not its admissibility.

We perceive no basis for a reduction of sentence. Concur— Williams, J.P., Ellerin, Lerner, Rubin and Marlow, JJ.