THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEAN ALEXIS, Appellant. [885 NYS2d 340]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered April 11, 2005, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the verdict convicting him of murder in the second degree (*see* Penal Law § 125.25 [1]) was against the weight of the evidence because the weight of the probative evidence demonstrated that he did not intend to cause his wife's death. "[W]eight of the evidence review requires a court first to determine whether an acquittal would not have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d 342, 348 [2007] [citation omitted]; *see People v Romero*, 7 NY3d 633 [2006]). Here, it is undisputed that the victim was slashed at least 14 times in the throat, and that two slashes were deep enough to sever her jugular vein, thereby causing her death. Under these circumstances, where the only evidence of lack of intent was the defendant's own grand jury testimony, which conflicted with his reported statements to the police and medical personnel, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]; *People v Tigner*, 51 AD3d 1045 [2008]).

Furthermore, the Supreme Court properly refused to charge the jury on manslaughter in the second degree as a lesser-included offense, as "there was no reasonable view of the evidence which would support a finding that the defendant's conduct was motivated by anything other than an intent to

cause the death of the victim" (*People v Franklin*, 7 AD3d 966, 968 [2004]; *see* CPL 300.50; *People v Butler*, 84 NY2d 627 [1994]; *People v Collins*, 290 AD2d 457, 458 [2002]; *People v Weems*, 105 AD2d 763 [1984]).

The defendant was not denied the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Rivera*, 71 NY2d 705 [1988]; *People v Baldi*, 54 NY2d 137 [1981]). Defense counsel's decision not to request charges of justification or extreme emotional disturbance was part of a legitimate, albeit unsuccessful, strategy. Moreover, nothing in the grand jury or trial transcripts suggests that the defendant "lack[ed] capacity to understand the proceedings against him or to assist in his own defense" (CPL 730.10 [1]). Accordingly there is no basis to conclude that defense counsel should have requested a psychiatric examination (*see People v Ramos*, 35 AD3d 247, 248 [2006]; *People v Lyons*, 306 AD2d 541 [2003]; *People v Rivas*, 206 AD2d 549, 550 [1994]). Furthermore, there was no basis for the Supreme Court to have sua sponte ordered a hearing pursuant to CPL 730.30 (*see People v Taylor*, 292 AD2d 637, 638 [2002]).

The remaining two contentions set forth in the defendant's supplemental pro se brief are unpreserved for appellate review and, in any event, are without merit (*see People v D'Angelo*, 98 NY2d 733 [2002]; *People v Iannone*, 45 NY2d 589 [1978]; *People v Williams*, 277 AD2d 508 [2000]; *People v Young*, 205 AD2d 908 [1994]; *People v Padron*, 118 AD2d 599 [1986]). Spolzino, J.P., Santucci, Florio and Lott, JJ., concur.