■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTOINE WEDLINGTON, Appellant. [889 NYS2d 355]—

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered April 22, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that reversal is required based

upon, inter alia, a *Payton* violation (*Payton v New York*, 445 US 573 [1980]). We conclude that there was in fact no *Payton* violation. The People presented evidence at the suppression hearing establishing that, after the commission of the robbery, the victim observed defendant and his codefendant enter a house where, pursuant to the determination of County Court, defendant was a regular overnight visitor. Upon responding to the victim's 911 telephone call, the police pushed aside the cardboard and curtain covering the front window of the house and observed defendant and his codefendant inside the house. The police identified themselves, and the occupants permitted their entry only after the police attempted to break down the door. Contrary to the contention of defendant, the police did not violate his *Payton* rights inasmuch as the court properly determined that there were exigent circumstances justifying the entry, i.e., the risk that defendant and his codefendant would dispose of the stolen money (*see People v Saunders*, 290 AD2d 461, 463 [2002], *lv denied* 98 NY2d 681 [2002]; *People v Foster*, 245 AD2d 1074 [1997], *lv denied* 91 NY2d 972 [1998]).

We also reject the contention of defendant that the People failed to prove his guilt beyond a reasonable doubt. To the extent that defendant's contention may be deemed to challenge the legal sufficiency of the evidence, we conclude that defendant's contention lacks merit. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to establish defendant's commission of robbery in the second degree pursuant to Penal Law § 160.10 (1) (*see generally People v Conway*, 6 NY3d 869, 872 [2006]; *People v Santi*, 3 NY3d 234, 246 [2004]). To the extent that defendant's contention may be deemed to challenge the weight of the evidence, we reject that contention as well. Viewing the evidence in light of the elements of the crime of robbery as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Because the victim's credibility was damaged at trial, we conclude that an acquittal would not have been unreasonable (*see Danielson*, 9 NY3d at 348; *People v Alexis*, 65 AD3d 1160 [2009]; *People v Griffin*, 63 AD3d 635, 638 [1978]). However, "giving 'appropriate deference to the jury's superior opportunity to assess the witnesses' credibility' " (*People v Marshall*, 65 AD3d 710, 712 [2009]), we conclude that the jury was entitled to credit the victim's version of events over that of defendant.

Contrary to defendant's further contention, the court properly

determined that the prosecutor's explanation for exercising a peremptory challenge with respect to an African-American prospective juror was race-neutral and not pretextual (*see generally People v Collins*, 63 AD3d 1609 [2009], *lv denied* 13 NY3d 795 [2009]; *People v Wint*, 237 AD2d 195, 196-197 [1997], *lv denied* 89 NY2d 1103 [1997]). The prosecutor excused the prospective juror because he previously had witnessed a shooting, he knew both the shooter and the victim of the shooting, and he had failed to contact the police with information concerning that crime either on the night of the shooting or at any time thereafter. We note that the prosecutor had previously excused a non-African-American prospective juror for similar reasons.

Defendant further contends that the court erred in failing to give an adverse inference instruction to the jury as required by Penal Law § 450.10 (10), inasmuch as the statutory procedure for returning stolen property to the victim, i.e., the cash, was not followed (*see People v Perkins*, 56 AD3d 944, 945 [2008], *lv denied* 12 NY3d 786 [2009]; *People v Watkins*, 239 AD2d 448 [1997], *lv denied* 91 NY2d 837 [1997]; *People v Graham*, 186 AD2d 47 [1992], *lv denied* 80 NY2d 975 [1992]). Defendant never requested such an instruction and thus failed to preserve his contention for our review (*see* CPL 470.05 [2]). In fact, the record establishes that the only relief defendant requested was that the cash stolen from the victim not be admitted in evidence, and that relief was granted. In any event, there is no indication in the record that either defendant or the prosecution ever sought to examine or test the cash (*see People v Lathigee*, 254 AD2d 687 [1998], *lv denied* 92 NY2d 1034 [1998]), nor is there any indication that the violation of Penal Law § 450.10 was intentional or that the cash was returned in bad faith (*see People v McDowell*, 264 AD2d 858 [1999]; *People v Perez*, 262 AD2d 502 [1999]; *Graham*, 186 AD2d 47 [1992]).

We also reject defendant's contention that reversal is required based on the court's refusal to instruct the jury that a statement made by the codefendant at his arraignment threatening to kill the victim could not be attributed to defendant. Even assuming, arguendo, that the court erred in refusing to give the instruction (*see generally People v Jackson*, 45 AD3d 433, 434 [2007], *lv denied* 10 NY3d 812 [2008], *cert denied* 555 US —, 129 S Ct 462 [2008]; *People v Paulino*, 187 AD2d 736 [1992], *lv denied* 81 NY2d 792 [1993]), we conclude that the error is harmless because there is no reasonable possibility that it contributed to the jury's verdict (*see People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Crimmins*, 36 NY2d 230, 237 [1975]). The court generally instructed the jury that it must consider the evidence

against each defendant separately, the statement did not directly implicate either defendant or the codefendant in the crime, and the discovery of the money on the codefendant as described by the victim and in the same amount as described by the victim rendered negligible any possible adverse inference that may have been created by the court's refusal to give the instruction. Finally, the court did not err in denying defendant's CPL 330.30 (1) motion to set aside the verdict. Present—Scudder, P.J., Hurlbutt, Martoche, Centra and Peradotto, JJ.