■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK KOKI, Appellant. [902 NYS2d 188]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered February 8, 2007, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with murder in the second degree and other crimes in connection with an incident during which he killed a friend. At trial, the defendant pursued the affirmative defense that he was not criminally responsible by reason of mental disease or defect (*see* Penal Law § 40.15), but the jury rejected that affirmative defense and convicted him of two counts of murder in the second degree, robbery in the first degree, and criminal possession of a weapon in the second degree. On appeal, the defendant argues that the Supreme Court erred in "refusing" to instruct the jury on the affirmative defense to murder in the second degree of "extreme emotional disturbance" (Penal Law § 125.25 [1] [a]; § 125.20 [2]; *see People v Roche*, 98 NY2d 70, 75-76 [2002]). He also argues that he was deprived of his right to the effective assistance of counsel (*see People v Baldi*, 54 NY2d 137 [1981]; *Strickland v Washington*, 466 US 668 [1984]).

The defendant's claim with respect to the Supreme Court's charge is unpreserved for appellate review because the defendant did not request submission of that charge (*see* CPL 470.05 [2]; *People v Ferraro*, 49 AD3d 550, 552 [2008]; *People v Zarif*, 290 AD2d 401, 401-402 [2002]).

The defendant was not deprived of his right to the effective assistance of counsel. Under New York's "flexible standard" of evaluating claims of ineffective representation (*People v Benevento*, 91 NY2d 708, 712 [1998]), where "the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," counsel's perform-

ance will not be found ineffective (*People v Baldi*, 54 NY2d at 147). "Isolated errors in counsel's representation generally will not rise to the level of ineffectiveness, unless the error is so serious that defendant did not receive a fair trial" (*People v Henry*, 95 NY2d 563, 565-566 [2000] [internal quotation marks omitted]; *see People v Flores*, 84 NY2d 184, 188-189 [1994]). Moreover, a defendant pressing an ineffectiveness claim based on particular errors in counsel's performance must "demonstrate the absence of strategic or other legitimate explanations" for those deficiencies (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Taylor*, 1 NY3d 174, 177 [2003]). Here, although the defendant asserts isolated flaws in trial counsel's performance, he has failed to demonstrate that counsel lacked legitimate strategic or tactical reasons for the challenged actions (*see People v Baldi*, 54 NY2d at 151; *People v Alexis*, 65 AD3d 1160, 1161 [2009]). In any event, he has identified no defect so serious, either in isolation or when viewed in light of the totality of the representation, that would establish that he was denied meaningful representation (*see People v Alexis*, 65 AD3d 1160, 1161 [2009]), or was otherwise deprived of his right to effective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]). Fisher, J.P., Covello, Hall and Sgroi, JJ., concur.