■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SPENCER HILL, Appellant. [902 NYS2d 755]—Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered February 27, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him of robbery in the second degree (Penal Law § 160.10 [1]), defendant contends that the verdict is against the weight of the evidence. We reject that contention. Viewing the evidence in light of the elements of the crime of robbery in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that an acquittal would not have been unreasonable based on the questionable credibility of the victim's testimony (*see id.* at 348; *People v Alexis*, 65 AD3d 1160 [2009]; *People v Griffin*, 63 AD3d 635, 638 [2009]). However, "giving 'appropriate deference to the jury's superior opportunity to assess the witnesses' credibility' " (*People v Marshall*, 65 AD3d 710, 712 [2009], *lv denied* 13 NY3d 940 [2010]), we conclude

that the jury was entitled to credit the victim's version of events over defendant's version.

As we determined on the appeal of the codefendant (*People v Wedlington*, 67 AD3d 1472, 1474 [2009], *lv denied* 14 NY3d 807 [2010]), we similarly conclude herein that defendant failed to preserve for our review his contention that County Court erred in failing to give an adverse inference instruction to the jury pursuant to Penal Law § 450.10 (10). We further conclude in any event that defendant's contentions with respect thereto lack merit, for the same reasons as those set forth in our decision in *Wedlington*. Finally, the court did not abuse its discretion in imposing a five-year period of postrelease supervision rather than the minimum period of 2½ years (*see* Penal Law § 70.45 [2] [f]), and we decline to exercise our power to modify the judgment as a matter of discretion in the interest of justice by imposing a lesser period of postrelease supervision (*see* CPL 470.15 [6] [b]). Present—Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.