■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL DABDAUB, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered September 7, 1990, which convicted defendant, after a jury trial, of robbery in the second degree, and sentenced him to a term of 2 to 6 years, unanimously affirmed.

Contrary to defendant's contention, the lineup viewed by the complainant was not conducted in a suggestive manner. While the police told her that they had "caught somebody that matched her description of the man that mugged her", this did not "automatically contaminat[e]" her identification. (People v Rodriguez, 64 NY2d 738, 740.) Further, the identification procedure was not improper because the police asked the victim if she wanted to view the lineup after she blurted out a number other than defendant's and fled panic-striken from the room, fearful that the participants could see her. The victim did not recall making any identification and the officer did not tell the victim that she had chosen the wrong suspect. Nor did the fillers differ in appearance from defendant in any significant way. Like defendant, each had dark mustaches and at least three were light-skinned. The members were initially seated to reduce height disparity and the victim made an identification only after the stand-ins were asked to make a demand for a bag. There is no requirement "that a defendant in a lineup be surrounded by people nearly identical in appearance" (People v Chipp, 75 NY2d 327, 336).

Defendant also argues that the identification of the eyewitness was the result of undue suggestiveness because defendant was the only suspect common to both the photo array and lineup and because the eyewitness told the detective that "she would have to see the [suspect] in person if she was going to identify [him]." The eyewitness did not indicate that she could not make an identification and neither of the procedures were suggestive. Moreover, the lineup was held two days after the photo array (People v Thomas, 161 AD2d 543, lv denied 76 NY2d 866). Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Rubin, JJ.