■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY HUGHES, Appellant. [643 NYS2d 828] —Judgment unanimously affirmed. Memorandum: The record supports the suppression court's determination that defendant's arrest was supported by probable cause. The victim of the attempted break-in provided the arresting officer with a "sufficiently detailed and particular description of the perpetrator" (*People v White,* 117 AD2d 127, 131, *lv denied* 68 NY2d 818), including his race, height, build, hair color and clothing (*see, People v Horsman,* 152 AD2d 859, 861). The victim also pointed out the direction of defendant's flight from the scene. Within a half hour of the commission of the crime, a trained dog tracked defendant to a back yard approximately a quarter mile from the crime scene (*see, People v Price,* 54 NY2d 557, 564), where the arresting officer discovered defendant hiding under a row of bushes (*see, People v Ridley,* 124 AD2d 610, *lv denied* 69 NY2d 749). Defendant matched the victim's description precisely. Those facts were sufficient to warrant a reasonable belief that it was "at least more probable than not" that a crime had occurred and that defendant was the perpetrator (*People v Carrasquillo,* 54 NY2d 248, 254). (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Trespass, 2nd Degree.) Present—Denman, P. J., Green, Wesley, Balio and Boehm, JJ.