■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PROMOTH DAX, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RONI HLALALI, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v AZIBUL HOGUE, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ABDUL KHAN, Respondent. [650 NYS2d 94] —Order, Supreme Court, New York County (Juanita Bing Newton, J.), entered on or about February 14, 1995, which granted defendants' motion to dismiss the indictment charging defendants with manufacture of unauthorized recordings in the first degree (Penal Law § 275.10 [2]), unanimously reversed, on the law, defendants' motion denied, the indictment reinstated and the matter remanded for further proceedings.

The evidence before the Grand Jury clearly established that the premises in question were being used as a counterfeit videotape laboratory. In dismissing the indictment, Trial Term held that the building superintendent was improperly permit-

ted to give opinion testimony regarding each defendant's role in operating the laboratory. However, a lay witness may give opinion testimony when the subject matter of that testimony is such that it is impossible to accurately describe certain facts without including some opinion or impression (*see, People v Russell*, 165 AD2d 327, 332, *affd* 79 NY2d 1024). Indeed, it has been held, "such is not opinion evidence at all, but statement from observation of existing physical fact" (*Senecal v Drollette*, 304 NY 446, 449). Thus, in addition to the witness's description of the individual defendants' daily activities in the laboratory, which he characterized as "stock work", "supervisory" and "in control of everything", he offered the specific factual bases for his impressions. Given the normal limitations of language, it would have been difficult for him to describe defendants' roles without using such phrases. Finally, the fact that the Grand Jury testimony failed to establish defendants' presence in the premises on the day of their arrest has no bearing on the sufficiency of the indictment inasmuch as the superintendent's testimony placed them in active roles in the laboratory over a six month period. Concur—Sullivan, J. P., Ellerin, Ross, Williams and Andrias, JJ.