■ The People of the State of New York, Respondent, v Tony Woodberry, Appellant. [658 NYS2d 40] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Martin, J.), rendered March 28, 1995, convicting him of grand larceny in the fourth degree and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly denied the defendant's request

to preclude the People from introducing evidence concerning the victim's stolen automobile, or to dismiss the charges against him, for the People's failure to properly comply with the procedures set forth in Penal Law § 450.10. The defendant failed to show that the release of the automobile to the complainant caused the defendant such undue prejudice so as to warrant the imposition of the drastic sanctions sought by him (Penal Law § 450.10 [10]; *see, People v Kelly,* 62 NY2d 516; *People v Rice,* 223 AD2d 405). Furthermore, the defendant failed to object to the adverse inference charge given by the court as a sanction for the failure to comply with Penal Law § 450.10. Thus, his contention that the court failed to give a proper adverse inference charge is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Lipton,* 54 NY2d 340; *People v Udzinski,* 146 AD2d 245). In any event, the charge as given by the court was proper.

Although the defendant's objections to the People's speculative comments during summation were preserved for appellate review *(see,* CPL 470.05 [2]; *People v Medina,* 53 NY2d 951), any error with regard to those comments was harmless in light of the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 220). The defendant's challenge to certain comments of the prosecutor in summation as having the tendency to shift the burden of proof was not preserved for appellate review. The court gave a curative instruction with respect to those comments and the defendant did not object thereto. "Under these circumstances, the curative instructions must be deemed to have corrected the error to the defendant's satisfaction" *(People v Heide,* 84 NY2d 943, 944). Miller, J. P., Altman, Goldstein and Florio, JJ., concur.