■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY RODGERS, Appellant. [774 NYS2d 349]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered May 17, 2000, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Lefkowitz, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Showup procedures are permissible when, as here, they are conducted in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see People v Duuvon,* 77 NY2d 541, 543-544 [1991]; *People v Pierre,* 2 AD3d 461 [2003], *lv denied* 1 NY3d 600 [2004]). Here, the showup identification was proper as it took place a little more than one hour after the crime and less than three miles away from the scene of the crime (*see People v Maybell,* 198 AD2d 108 [1993]; *People v Yearwood,* 197 AD2d 554 [1993]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's identity as the individual who burglarized the complainant's home. The complainant had ample opportunity to observe the defendant during the incident, and was able to identify him at the subsequent showup identification (*see People v Phan,* 225 AD2d 715 [1996]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant received meaningful representation (*see People v Henry,* 95 NY2d 563 [2000]; *People v Baldi,* 54 NY2d 137 [1981]; *People v Groonell,* 256 AD2d 356 [1998]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are unpreserved for appellate review, without merit, or involve matter dehors the record. Altman, J.P., H. Miller, Cozier and Mastro, JJ., concur.