■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HARRIS, Appellant. [806 NYS2d 637]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J., at trial; Zambelli, J., at sentence), rendered February 5, 2002, convicting him of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. A rational trier of fact could have concluded that the testimony at trial was sufficient to establish the value of the stolen property (*see People v Castillo,* 167 AD2d 159 [1990]; *People v Gaul,* 22 AD2d 805 [1964]).

Furthermore, the County Court properly denied the defendant's request to preclude the People from offering photographs and accompanying testimony into evidence based upon the People's failure to comply with the procedures set forth in Penal Law § 450.10. The defendant failed to show that the release of the stolen property to the complainant caused him such undue prejudice as to warrant the imposition of sanctions (*see* Penal Law § 450.10 [10]; *People v Kelly,* 62 NY2d 516 [1984]; *People v Woodberry,* 239 AD2d 448 [1997]; *People v Watkins,* 239 AD2d 448 [1997]). Moreover, the adverse inference, taken by the court, was a proper exercise of its discretion in fashioning a remedy for the People's failure to notify the defendant before releasing the complainant's property (*see People v Kelly, supra*). Adams, J.P., Luciano, Mastro and Lunn, JJ., concur.