■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEION RICHMOND, Appellant. [826 NYS2d 748]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 3, 2005, convicting him of assault in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction for assault in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally insufficient to establish, beyond a reasonable doubt, that the complainant sustained a "physical injury" within the meaning of Penal Law § 10.00 (9). Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). The complainant was bitten on the arm by the defendant, and although the complainant took a course of antibiotics and experienced tenderness and swelling, the complainant did not bleed, did not take any pain medication, did not miss work as a result of his injuries, and did not testify as to the duration of his pain. Thus, there was neither sufficient evidence of the extent of the complainant's physical injuries, nor sufficient evidence from which a jury could infer that he suffered substantial pain (*see People v Pierrot*, 31 AD3d 582 [2006]; *People v Almonte*, 23 AD3d 392, 393-394 [2005]; *People v Baez*, 13 AD3d 463, 464 [2004]; *People v Briggs*, 285 AD2d 651, 652 [2001]; *People v Barnes*, 261 AD2d 409, 410 [1999]; *People v DiStefano*, 252 AD2d 530, 530-531 [1998]; *People v Sanders*, 245 AD2d 471, 472 [1997]; *People v Foster*, 162 AD2d 703, 704 [1990]). Accordingly, the defendant's conviction for assault in the second degree must be vacated and count two of the indictment dismissed.

The defendant's contention that the evidence adduced at trial was legally insufficient to support his conviction for resisting arrest is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Hines*, 97 NY2d 56, 61-62 [2001]; *People v Gray*, 86 NY2d 10, 19-21 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]), and we decline to review this issue in the exercise of our interest of justice jurisdiction.

The defendant's remaining contention is without merit. Crane, J.P., Ritter, Lunn and Covello, JJ., concur.