■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVON SAMUELS, Appellant. [833 NYS2d 575]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 13, 2004, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal possession of a weapon in

the second degree, criminal possession of a weapon in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends on appeal that the showup identification was unduly suggestive. The defendant's contention is without merit. The showup took place within 30 minutes of the crime and less than one mile away from the crime scene. The fact that the defendant and his codefendants were handcuffed and in the presence of uniformed officers did not render the showup unduly suggestive (*see People v Gilyard,* 32 AD3d 1046 [2006], *lv denied* 8 NY3d 846 [2007]; *People v Loo,* 14 AD3d 716 [2005]; *People v Pierre,* 2 AD3d 461 [2003]). Nor does the fact that the defendant was viewed together with his codefendants render the showup unduly suggestive (*see People v Colson,* 148 AD2d 626 [1989]). The factual circumstances represent one unbroken chain of events—crime, escape, pursuit, apprehension, and identification—all of which occurred in rapid sequence within a limited geographic area (*see People v Mitchell,* 185 AD2d 249 [1992]).

The defendant's contention as to the admission of the police officer's testimony pursuant to CPL 60.25 is without merit. The evidence must establish a lack of present recollection as a basis for the lack of identification (*see People v Quevas,* 81 NY2d 41, 45 [1993]; *People v Hernandez,* 154 AD2d 197, 202 [1990]). Here, there was sufficient evidence for the court to conclude that the complainant was unable to identify the defendants in court due to a lack of present recollection. Santucci, J.P., Krausman, Lifson and Dillon, JJ., concur.