*1095 Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered July 6, 2010, convicting him of burglary in the first degree, burglary in the second degree, kidnapping in the second degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the hearing court properly denied that branch of his omnibus motion which was to suppress the showup identifications made by two complainants near the scene of the crime. “While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, the burden is on the People first to produce evidence validating the admission of such evidence” (People v Ortiz, 90 NY2d 533, 537 [1997]; see People v Calero, 105 AD3d 864 [2013]). The People’s burden consists of two elements. First, “the People must demonstrate that the showup was reasonable under the circumstances. Proof that the showup was conducted in close geographic and temporal proximity to the crime will generally satisfy this element of the People’s burden” (People v Ortiz, 90 NY2d at 537). Second, the People must produce “some evidence relating to the showup itself, in order to demonstrate that the procedure was not unduly suggestive” (id.; see People v Calero, 105 AD3d 864 [2013]).
Here, there was evidence that the showup identification took place approximately 50 minutes after the crime and roughly one mile away from the crime scene (see People v Gonzalez, 57 AD3d 560, 561 [2008]; People v Berry, 50 AD3d 1047, 1048 [2008]; People v Loo, 14 AD3d 716 [2005]; People v Rodney, 237 AD2d 541, 542-542 [1997]). Moreover, the evidence established that the showup took place promptly after the defendant was apprehended. Indeed, the factual circumstances presented at the pretrial hearing represented “one unbroken chain of events— crime, escape, pursuit, apprehension and identification — all of which occurred in rapid sequence within a limited geographic area” (People v Mitchell, 185 AD2d 249, 251 [1992] [internal quotation marks omitted]; see People v Samuels, 39 AD3d 569, 570 [2007]). The People also presented a detailed account of the physical circumstances of the showup, which included testimony from the police officer who apprehended the defendant and secured him prior to the showup, and testimony from the police officers who transported the complainants to the location of the *1096 showup (see People v Ortiz, 90 NY2d at 537; People v Calero, 105 AD3d 864 [2013]; People v Berry, 50 AD3d at 1048). Thus, the People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness (see People v Ortiz, 90 NY2d at 537; People v Berry, 50 AD3d at 1048).
In opposition, the defendant failed to satisfy his burden of demonstrating that the showup procedure was “unduly suggestive and subject to suppression” (People v Ortiz, 90 NY2d at 537). Contrary to the defendant’s contentions, the showup was not rendered unduly suggestive because the complainants knew that the police had a suspect in custody (see People v Crumble, 43 AD3d 953 [2007]; People v Gil, 21 AD3d 1120 [2005]; People v Sharpe, 259 AD2d 639 [1999]), or because the defendant was handcuffed and in the presence of uniformed police officers and police cars (see People v Gonzalez, 57 AD3d at 561; People v Jay, 41 AD3d 615, 615 [2007]; People v Rice, 39 AD3d 567, 568 [2007]; People v Loo, 14 AD3d at 716; People v Gilyard, 32 AD3d 1046 [2006]). Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.