THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BARTLETT, Appellant. [27 NYS3d 163]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered January 10, 2014, convicting him of grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress testimony regarding the showup identification of him made by a witness. While showup procedures are generally disfavored, they are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive (*see People v Ortiz*, 90 NY2d 533, 537 [1997]). Here, the showup took place less than two hours after the crime and approximately 1½ miles away from the crime scene (*see People v Rodgers*, 6 AD3d 464, 465 [2004]; *People v James*, 2 AD3d 751 [2003]; *People v Boswell*, 288 AD2d 390 [2001]; *People v Andrews*, 255 AD2d 328, 329-330 [1998]; *People v McBride*, 190 AD2d 573, 573-574 [1993]; *People v West*, 128 AD2d 570 [1987]; *People v Veal*, 106 AD2d 418, 419 [1984]). The People met their initial burden of establishing the reasonableness of the police conduct and the lack of undue suggestiveness in the showup identification through the testimony of the police officer who transported the witness to the location of the showup, and through the testimony of the police officer who arrested the defendant (*see People v Ortiz*, 90 NY2d at 537; *People v Cuesta*, 103 AD3d 913, 915 [2013]; *People v Gonzalez*, 57 AD3d 560, 561 [2008]).

In turn, the defendant failed to satisfy "the ultimate burden of proving that [the] showup procedure [wa]s unduly sugges-

tive and subject to suppression" (*People v Ortiz*, 90 NY2d at 537). Contrary to the defendant's contentions, the showup was not rendered unduly suggestive because he was handcuffed and in the presence of uniformed police officers (*see People v Jay*, 41 AD3d 615 [2007]; *People v Samuels*, 39 AD3d 569, 570 [2007]; *People v Rice*, 39 AD3d 567, 568 [2007]; *People v Bitz*, 209 AD2d 709, 709-710 [1994]), or because the police shined the lights of a police vehicle on him (*see People v Gilford*, 16 NY3d 864, 866-868 [2011]; *People v Jerry*, 126 AD3d 1001, 1002 [2015]; *People v Mais*, 71 AD3d 1163, 1165 [2010]; *People v Siler*, 45 AD3d 1403 [2007]), or because the witness knew that the police had a suspect (*see People v Charles*, 110 AD3d 1094, 1096 [2013]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.