■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUEBEN HUERTA, Defendant, and LUIS MONTOLLA, FERNANDO VILLADA and OSCAR SANCHEZ, Respondents. [35 NYS3d 433]—

Appeal by the People from so much of an order of the County Court, Rockland County (Thorsen, J.), dated October 27, 2015, as, after a hearing, granted those branches of the separate omnibus motions of the defendants Luis Montolla, Fernando Villada and Oscar Sanchez which were to suppress showup identification evidence.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, those branches of the separate omnibus motions of the defendants Luis Montolla, Fernando Villada and Oscar Sanchez which were to suppress showup identification evidence are denied, and the matter is remitted to the County Court, Rockland County, for further proceedings consistent herewith.

The defendants Luis Montolla, Fernando Villada and Oscar Sanchez (hereinafter collectively the defendants), together with a codefendant, Rueben Huerta, were indicted for attempted gang assault in the first degree and attempted assault in the first degree. Following a combined *Wade/Mapp* hearing (*see United States v Wade*, 388 US 218 [1967]; *Mapp v Ohio*, 367 US 643 [1961]), the County Court granted those branches of the defendants' separate omnibus motions which were to suppress showup identification evidence on the ground that the showup identifications were unduly suggestive.

The County Court erred in suppressing the showup identifications of the defendants. Under New York law, showup identifications are strongly disfavored but are permissible if exigent circumstances require immediate identification (*see People v Ward*, 116 AD3d 989, 991 [2014]). "Showup procedures 'are permissible, even in the absence of exigent circumstances, when they are spatially and temporally proximate to the commission of the crime and not unduly suggestive' " (*id.* at 991, quoting *People v Johnson*, 104 AD3d 705, 705 [2013]; *see People*

*v Gonzalez*, 57 AD3d 560, 561 [2008]; *People v Berry*, 50 AD3d 1047 [2008]). While the defendant bears the ultimate burden of proving that a showup procedure is unduly suggestive and subject to suppression, "the People have the initial burden of going forward to establish the reasonableness of the police conduct and the lack of any undue suggestiveness in a pretrial identification procedure" (*People v Chipp*, 75 NY2d 327, 335 [1990]; *see People v Ortiz*, 90 NY2d 533, 537 [1997]).

Here, the People met their initial burden of establishing that the showup identification procedure, which was conducted within approximately 30 minutes of the crime and within three or four blocks of the crime scene, was reasonable under the circumstances and lacked undue suggestiveness (*see People v Mack*, 135 AD3d 962 [2016]; *People v Hudson*, 71 AD3d 1046 [2010]; *People v Berry*, 50 AD3d 1047 [2008]; *People v Rodgers*, 6 AD3d 464 [2004]; *People v Tislon*, 279 AD2d 488 [2001]; *People v Yearwood*, 197 AD2d 554 [1993]). The defendants, in turn, failed to satisfy their ultimate burden of proving that the showup identification procedure was unduly suggestive and subject to suppression. Under the circumstances of this case, the mere presence of police, patrol cars, headlights, or other lighting at the scene of the identifications did not render the procedure unduly suggestive (*see People v Jerry*, 126 AD3d 1001 [2015]; *People v Peterson*, 110 AD3d 1103 [2013]; *People v Charles*, 110 AD3d 1094 [2013]; *People v Mais*, 71 AD3d 1163, 1164 [2010]). Moreover, the defendants' contention that the showup identification procedure was unduly suggestive on the ground that the identifying witness may have heard a radio transmission indicating that a sneaker was found at the crime scene, and that the codefendant, Rueben Huerta, was wearing mismatched sneakers, is without merit. The hearing testimony established that the identifying witness did not rely upon Huerta's mismatched sneakers in identifying the defendants, as the identifying witness, upon identifying the three defendants, specifically looked about for a fourth person he called "Rueben" before Rueben Huerta appeared moments later and was identified. To the extent that the defendants contend that the identifying witness's identification of them was not reliable because the identifying witness had facial trauma, including swelling around his eyes, and smelled of alcohol, this contention is without merit (*see People v Lee*, 221 AD2d 255, 256 [1995]).

We decline the People's request that the case be remitted to a different judge of the County Court (*see generally People v Ramdass*, 88 AD3d 1019, 1019-1020 [2011]). Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.