■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEON WILLIAMS, Appellant. [39 NYS3d 482]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Ayres, J.), rendered April 21, 2010, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence. The appeal brings up for review

the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had reasonable suspicion to detain him for the crime of burglary (*see* CPL 140.50; *People v De Bour*, 40 NY2d 210, 223 [1976]). His appearance matched the description given by the complainant, who had seen the defendant just minutes earlier, which description included not only his approximate height and skin color, but also his unique clothing, his hair and glasses, and his build. The police also knew the direction in which the defendant ran, and the defendant was tracked by a trained police dog to the location several houses away, where he was apprehended. These facts gave rise to not only a reasonable suspicion that the defendant committed a crime (*see People v Rosa*, 199 AD2d 433 [1993]) but also probable cause to arrest him for it (*see* CPL 70.10 [2]; *People v Johnson*, 66 NY2d 398, 402 [1985]; *People v Jones*, 111 AD3d 1148 [2013]; *People v Velez*, 59 AD3d 572, 574 [2009]; *People v Hughes*, 227 AD2d 976 [1996]).

Contrary to the defendant's contention, the People met their burden of establishing that the showup identification procedure was not unduly suggestive (*see People v Charles*, 110 AD3d 1094 [2013]; *People v Berry*, 50 AD3d 1047 [2008]). The showup was conducted in close spacial and temporal proximity to the crime, as it was conducted only a few blocks away and approximately 45 minutes after the crime took place. Prior to the showup, the complainant had given a detailed description matching the defendant's clothing and appearance. The showup procedure was not rendered unduly suggestive because the complainant knew that the police had a suspect in custody or because the defendant was handcuffed and in the presence of uniformed police officers and police cars (*see People v Bartlett*, 137 AD3d 806 [2016]; *People v Charles*, 110 AD3d at 1096; *People v Berry*, 50 AD3d 1047 [2008]). The hearing court therefore properly declined to suppress identification testimony.

The defendant contends that a recording of the complainant's call to the 911 emergency number was improperly admitted into evidence and played during the prosecutor's summation. These contentions are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Qualls*, 55 NY2d 733 [1981]; *People v Cesar*, 131 AD3d 223, 227 [2015]) and, in any event, without merit (*see People v Johnson*, 1 NY3d 302, 305-306 [2003]; *People v Buie*, 86 NY2d 501 [1995]; *People v Brown*, 80 NY2d 729, 732-733 [1993]; *People v Tabora*, 139 AD2d 540 [1988]).

The defendant failed to preserve for appellate review his

contentions regarding the admissibility of certain testimony at trial (*see* CPL 470.05 [2]; *People v Hamm*, 42 AD3d 550 [2007]). In any event, the defendant's contentions are without merit (*see People v Kozlowski*, 11 NY3d 223 [2008]; *People v Johnson*, 1 NY3d at 305-306; *People v Brown*, 80 NY2d at 732-733; *People v Dax*, 233 AD2d 177 [1996]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Balkin, J.P., Austin, Sgroi and Duffy, JJ., concur.