People v Baez (2019 NY Slip Op 06163)





People v Baez


2019 NY Slip Op 06163


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2013-08549
 (Ind. No. 1634/11)

[*1]The People of the State of New York, respondent,
v
Mark Baez, appellant.


Paul Skip Laisure, New York, NY (Ronald Zapata of counsel), for appellant, and appellant pro se.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Christopher S. Bae of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Salvatore Modica, J.), rendered July 19, 2013, convicting him of robbery in the first degree, criminal possession of stolen property in the fifth degree, resisting arrest, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and sentencing him, as a second violent felony offender, inter alia, to a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision, on the conviction of robbery in the first degree. The appeal brings up for review the denial, after a hearing (Steven W. Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed on the conviction of robbery in the first degree from a determinate term of imprisonment of 25 years, to be followed by 5 years of postrelease supervision, to a determinate term of imprisonment of 15 years, to be followed by 5 years of postrelease supervision; as so modified, the judgment is affirmed.
We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress identification testimony. The defendant was identified by the complainant during a showup procedure conducted near the crime scene. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Duuvon, 77 NY2d 541, 544; People v Lancaster, 166 AD3d 807; People v Ward, 116 AD3d 989; People v McKinnon, 78 AD3d 864). Here, the evidence adduced at the suppression hearing established that the showup took place 30 minutes after the crime and eight blocks away from the crime scene (see People v Slattery, 147 AD3d 788, 790; People v Williams, 143 AD3d 847; People v Huerta, 141 AD3d 602; People v Williams, 284 AD2d 420; People v Rodney, 237 AD2d 541). Contrary to the defendant's contention, the showup procedure was not rendered unduly suggestive because the complainant knew that the police had a suspect in custody, because the defendant was handcuffed and in the presence of uniformed police officers and police cars (see People v Williams, 143 AD3d at 848; People v Gil, 21 AD3d 1120), or because the identification was made in the presence of recovered property (see [*2]People v Fox, 11 AD3d 709; People v Hawkins, 188 AD2d 616; People v Capehart, 151 AD2d 592).
Contrary to the contentions raised by the defendant in his pro se supplemental brief, the police had reasonable suspicion to stop the defendant on the basis of information transmitted over the police radio (see People v Cruz, 137 AD3d 1158; People v Lynch, 285 AD2d 518). Reasonable suspicion escalated to probable cause to arrest when the defendant fled from the police officers and physically fought with them (see People v Cruz, 137 AD3d at 1159; People v McDonald, 285 AD2d 615). To the extent that the defendant relies on trial testimony suggesting that a police radio communication did not include a description fitting him, trial testimony may not be considered in evaluating a suppression ruling on appeal (see People v Perez-Rodriguez, 166 AD3d 659).
The defendant failed to preserve for appellate review his contention that certain physical evidence should have been suppressed on the ground that the People failed to demonstrate that the items were recovered from him. The defendant did not raise, at the suppression hearing or during the trial, the specific contention he now raises (see CPL 470.05[2]; People v Mahoney, 165 AD3d 980; People v Lassiter, 151 AD3d 885; People v Pleasant, 146 AD3d 985). In any event, the contention is without merit. Moreover, the defendant was not deprived of the effective assistance of counsel based on his counsel's failure to raise this specific contention before the hearing court. "A defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287; see People v Garris, 99 AD3d 1018, 1019; People v Plaza, 133 AD2d 857).
We agree with the Supreme Court's determination declining to preclude testimony or deliver an adverse inference charge with regard to personal property that the police had returned to the complainant in violation of Penal Law § 450.10(1) (see Penal Law § 450.10; People v Reyes, 27 AD3d 584; People v Harris, 23 AD3d 580, 581; People v McDowell, 264 AD2d 858; People v Siriani, 216 AD2d 595). No adverse inference charge was warranted, because the People demonstrated that the statutory violation had not caused the defendant prejudice, and the defendant failed to show that the statutory violation had caused him such undue prejudice as to warrant the preclusion of testimony (see Penal Law § 450.10[10]; People v Reyes, 27 AD3d 584; People v Harris, 23 AD3d at 581).
The defendant's contention, raised in his pro se supplemental brief, that his due process right to a fair trial was violated by alleged prosecutorial misconduct during summation is unpreserved for appellate review (see CPL 470.05[2]). The defendant failed to object to the prosecutor's challenged comments during the summation, request curative instructions, or timely move for a mistrial (see People v Williams, 168 AD3d 1108; People v Garguilio, 57 AD3d 797; People v Sepulveda, 52 AD3d 539; People v Hollenquest, 48 AD3d 592; People v Kirby, 34 AD3d 695). In any event, the challenged remarks do not warrant reversal.
The defendant failed to preserve for appellate review his contention, raised in his pro se supplemental brief, that the prosecutor committed misconduct by failing to correct a portion of a witness's testimony that was purportedly false (see People v Phipps, 168 AD3d 881; People v Ragen, 140 AD3d 1092; People v Hatcher, 130 AD3d 648). In any event, the contention is without merit (see People v Wallender, 27 AD3d 955, 959; People v Mazyck, 3 AD3d 583; People v Thomas, 226 AD2d 484).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., MALTESE, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court