People v Jhagroo (2020 NY Slip Op 04580)





People v Jhagroo


2020 NY Slip Op 04580


Decided on August 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2017-07083
 (Ind. No. 1306/16)

[*1]The People of the State of New York, respondent,
v
Ryan Jhagroo, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Sharon Y. Brodt, and Russell Shapiro of counsel), for respondents.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Michael Aloise, J.), rendered June 13, 2017, convicting him of robbery in the third degree, grand larceny in the fourth degree, assault in the third degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Ronald D. Hollie, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
In May of 2016, the complainant was waiting for a bus in Jamaica, Queens, when the defendant approached him and pushed him to the ground. While the complainant was on the ground, the defendant slapped him several times in the face, and took his cellular phone and his wallet, which contained about $100 in cash. Using a cellular phone application, police officers were able to track the complainant's phone to a location about eight blocks away. The officers went to that location, and located the cellular phone on the ground next to the defendant. The defendant matched a description of the perpetrator which had been given to the officers by the complainant. The complainant thereafter identified the defendant in a showup procedure. The defendant was apprehended and identified approximately 25 minutes after the crime was reported.
We agree with the Supreme Court's determination to deny that branch of the defendant's omnibus motion which was to suppress identification testimony. The People, at a hearing pursuant to United States v Wade (388 US 218), met their burden of establishing that the showup identification procedure was not unduly suggestive (see People v Williams, 143 AD3d 847, 848; People v Huerta, 141 AD3d 602, 603). The showup was conducted in close spatial and temporal proximity to the robbery (see People v Williams, 143 AD3d at 848; People v Johnson, 104 AD3d 705, 706), and prior to the showup, the complainant had given police officers a detailed description of the perpetrator's appearance (see People v Williams, 143 AD3d at 848). Moreover, the police officers were able to remotely track the movement of the complainant's cellular phone and [*2]thereby quickly converge on the defendant's location. The showup procedure was not rendered unduly suggestive because the complainant may have potentially learned from a police radio transmission that a suspect was in custody, or because the defendant was handcuffed and in the presence of uniformed police officers at the time of the identification (see People v Williams, 143 AD3d at 848; People v Huerta, 141 AD3d at 603; People v Crumble, 43 AD3d 953). As the People satisfied their burden, the burden then shifted to the defendant to prove that the procedure was unduly suggestive (see People v Johnson, 104 AD3d at 706), and the defendant failed to satisfy this burden.
The defendant's contention that the prosecution elicited improper bolstering testimony that he was arrested immediately after police officers conversed with the complainant during the showup is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 143 AD3d 1003, 1004; People v Jones, 131 AD3d 1179, 1180). This argument is also waived, because defense counsel elicited similar testimony on cross-examination and implicitly referenced the testimony on summation to support his argument that the identification was the product of an unduly suggestive showup procedure (see People v Hall, 168 AD3d 761, 762; People v Romero, 143 AD3d at 1004).
The defendant's contention that trial counsel was ineffective for failing to object to the bolstering is without merit, as defense counsel relied on this testimony to argue to the jury that the identification was the product of an unduly suggestive showup procedure. This strategy constituted a legitimate and reasonable defense, and trial counsel cannot now be faulted simply because the defense was unsuccessful (see People v Walker, 141 AD3d 678, 679).
We agree with the defendant, however, that the People failed to present legally sufficient evidence of physical injury to sustain his conviction of assault in the third degree (see Penal Law § 120.00[2]). While this issue is not preserved for appellate review because defense counsel, at the conclusion of the People's case, only made a generalized motion for a trial order of dismissal without making any argument "specifically directed at the error being urged" (People v Hawkins, 11 NY3d 484, 492 [internal quotation marks omitted]; see CPL 470.05[2]; People v Mitchell, 148 AD3d 730, 731), we reach it in the exercise of our interest of justice jurisdiction.
Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00[9]). Although the question of whether physical injury has been established is generally for the jury to decide, "there is an objective level . . . below which the question is one of law" (Matter of Philip A., 49 NY2d 198, 200). Here, the complainant testified that the defendant pushed him to the ground, and slapped him several times in the face. The complainant testified that he cried because he "was in a lot of pain." There was no evidence, however, corroborating the complainant's subjective description of the degree of pain he experienced (see People v Taylor, 83 AD3d 1105; People v Richmond, 36 AD3d 721, 722). There was no testimony about the duration of the pain, whether the shove or slaps left any visible bruising, swelling, or redness, or whether the defendant sought medical treatment or missed any time from work or school (see People v Richmond, 36 AD3d at 722). Under these circumstances, there was legally insufficient evidence from which a jury could infer that the complainant suffered substantial pain as a result of being pushed to the ground and slapped several times in the face (see People v Taylor, 83 AD3d at 1106; People v Richmond, 36 AD3d at 722).
We need not reach the defendant's remaining contention in light of our determination.
DILLON, J.P., HINDS-RADIX, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court