People v McClennon (2020 NY Slip Op 06551)





People v McClennon


2020 NY Slip Op 06551


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-08831
 (Ind. No. 115/17)

[*1]The People of the State of New York, respondent,
v
Akbar McClennon, appellant.


Del Atwell, East Hampton, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kristen A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered June 26, 2018, convicting him of robbery in the first degree (nine counts), burglary in the first degree (four counts), robbery in the second degree (seven counts), burglary in the second degree, assault in the second degree (three counts), criminal possession of a weapon in the second degree (two counts), tampering with physical evidence, and attempted tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.
ORDERED that the judgment is affirmed.
On July 11, 2017, the defendant, while acting in concert with another and armed with a gun, forcibly stole property from four individuals and shot one of the individuals. The defendant was apprehended and identified by one of the complainants approximately 30 minutes after the crimes and in close proximity to the crime scene. On July 13, 2017, the defendant directed a person to search for certain evidence that had been discarded on the day of the incident.
We agree with the County Court's determination to deny that branch of the defendant's omnibus motion which was to suppress identification testimony. The People, at a hearing pursuant to United States v Wade (388 US 218), met their burden of establishing that the showup identification procedure was not unduly suggestive (see People v Jhagroo, 186 AD3d 741, 742; People v Williams, 143 AD3d 847, 848; People v Huerta, 141 AD3d 602, 603). The showup was conducted in close spatial and temporal proximity to the crimes (see People v Slattery, 147 AD3d 788, 789; People v Williams, 143 AD3d at 848). The showup procedure was not rendered unduly suggestive because the defendant was handcuffed and in the presence of uniformed police officers and police cars at the time of the identification (see People v Williams, 143 AD3d at 848; People v Huerta, 141 AD3d at 603). As the People satisfied their burden, the burden then shifted to the defendant to prove that the procedure was unduly suggestive (see People v Jhagroo, 186 AD3d at 742), and the defendant failed to satisfy this burden.
The defendant's challenge to the legal sufficiency of the evidence is partially [*2]unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of the challenged crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
We also agree with the County Court's determination to decline to give a missing witness charge (see People v Smith, 33 NY3d 454, 458-459).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court