People v Ogando (2021 NY Slip Op 03199)





People v Ogando


2021 NY Slip Op 03199


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-11351
 (Ind. No. 1091/11)

[*1]The People of the State of New York, respondent,
v
Nolis Ogando, appellant.


Paul Skip Laisure, New York, NY (Kathleen Whooley of counsel), for appellant.
Melinda Katz, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, and Tina Grillo of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered September 22, 2016, convicting him of gang assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kenneth C. Holder, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order dated December 18, 2019, this Court affirmed the judgment (see People v Ogando, 178 AD3d 955). On December 15, 2020, the Court of Appeals reversed the decision and order of this Court and remitted the matter to this Court for consideration of issues raised but not determined on the appeal to this Court (see People v Bisono, 36 NY3d 1013). Justice Brathwaite Nelson has been substituted for former Justice Maltese (see 22 NYCRR 1250.1[b]).
ORDERED that, upon remittitur from the Court of Appeals, the judgment is affirmed.
Contrary to the defendant's contention, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress certain identification testimony. The defendant was identified by the complainant during a showup procedure conducted near the crime scene. "Showup procedures, although generally disfavored, are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification" (People v Castro, 149 AD3d 862, 863; see People v Duuvon, 77 NY2d 541, 544). Here, the evidence adduced at the suppression hearing established that the showup took place approximately 20 minutes after the crime had occurred and only four blocks away from the crime scene (see People v McClennon, 188 AD3d 918, 918; People v Baez, 175 AD3d 553, 554; People v Samuels, 39 AD3d 569, 570). Contrary to the defendant's contention, the showup procedure was not rendered unduly suggestive because the complainant knew that the police had a suspect in custody (see People v Baez, 175 AD3d at 554; People v Williams, 143 AD3d 847, 848; People v Samuels, 39 AD3d at 570), because the defendant was handcuffed and in the presence of uniformed police officers and police cars (see People v Baez, 175 AD3d at 554; People v Williams, 143 AD3d at 848; People v Samuels, 39 AD3d at 570), because the police shined the lights of police vehicles on him (see People v Croom, 171 AD3d 781, 782; People v Bartlett, 137 AD3d 806, 807), or because the color of his clothes differed from those worn by the other suspects.
"The determination of whether to grant or deny youthful offender status rests within the sound discretion of the court and depends upon all the attending facts and circumstances of the case" (People v McEachern, 163 AD3d 850, 851 [internal quotation marks omitted]). Here, the Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment (see People v Sedeno, 188 AD3d 1269; People v Beyjones, 186 AD3d 848, 849; People v Minaya, 164 AD3d 836). Further, contrary to the defendant's contention, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
AUSTIN, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court