People v Lowe (2025 NY Slip Op 02610)

People v Lowe

2025 NY Slip Op 02610

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2022-09779
 (Ind. No. 2069/18)

[*1]The People of the State of New York, respondent,
v
Vernon Lowe, appellant.

Marianne Karas, Thornwood, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Fran Ricigliano, J.), rendered November 7, 2022, convicting him of robbery in the first degree (two counts), robbery in the third degree, assault in the first degree (three counts), grand larceny in the fourth degree, criminal possession of a weapon in the third degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Angelo A. Delligatti, J.), of the suppression of physical evidence and identification testimony.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court properly denied suppression of certain physical evidence on the ground that the police had probable cause to arrest the defendant. The defendant matched the description of the perpetrator, the arrest was made less than one-eighth of a mile from the crime scene, and the arrest was made within 30 minutes after the robbery occurred (see People v Rodriguez, 70 AD3d 729, 729; People v Velez, 59 AD3d 572, 575). As such, the arresting officer had sufficient probable cause to arrest the defendant for the robbery (see People v Bigelow, 66 NY2d 417, 423; People v Alexander, 200 AD3d 790, 791).
Likewise, the County Court properly denied suppression of identification testimony on the ground that the showup identification procedure was not unduly suggestive. The People demonstrated that the showup identification procedure was not unduly suggestive where the showup occurred approximately one hour after the robbery and only one-eighth of a mile from the crime scene (see People v Bartlett, 137 AD3d 806, 806; People v Hudson, 71 AD3d 1046, 1047) and was part of an "unbroken chain of events" (People v Garcia, 210 AD3d 906, 907-908, affd 42 NY3d 1077). Moreover, the showup identification procedure was not rendered unduly suggestive because the defendant was handcuffed and in the presence of police officers or because he was placed in a spotlight (see id. at 908; People v Ogando, 194 AD3d 963, 963-964; People v Jerry, 126 AD3d 1001, 1002). The fact that the police already had probable cause to detain the defendant also did not render the showup identification procedure unduly suggestive (see People v Wright, 42 NY3d 708, 720; People v Howard, 22 NY3d 388, 403). Further, because the showup identification procedure occurred in close temporal and geographical proximity to the robbery, any lack of exigent [*2]circumstances did not render the showup identification procedure unduly suggestive (see People v Brisco, 99 NY2d 596, 597; People v Bartlett, 137 AD3d at 806).
The People also established that a photo array was not unduly suggestive. The fact that the background of the defendant's picture was darker "than the backgrounds of the others—which varied in color and darkness—did not create a substantial likelihood that . . . [the] defendant would be singled out for identification" (People v Wells, 141 AD3d 1013, 1017 [internal quotation marks omitted]; see People v Price, 256 AD2d 596, 597). Further, under the circumstances here, the photo array was not rendered unduly suggestive because a detective asked the victim to look at the array twice—the second time after the victim only briefly glanced at the photo array—or because the victim requested to look at the photo array after the detective put it away (see People v Dabdaub, 186 AD2d 481, 481; but see People v Brown, 117 Misc 2d 587, 590 [Westchester County Ct]). It was also reasonable for the detective to rely on gestures the victim made indicating that he wanted to see the photo array again. Notably, the County Court found the detective credible and credited his testimony (see People v Clements, 221 AD3d 1023, 1024; People v Hill, 219 AD3d 953, 954). The fact that the victim used his hands to focus on only the part of the defendant's face that was visible when he was wearing a ski mask, which was how the defendant presented during all interactions with the victim, also did not render the photo array unduly suggestive (see e.g. People v Cwikla, 46 NY2d 434, 444).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Conry, 230 AD3d 596, 596). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
As the defendant correctly contends, the County Court improvidently exercised its discretion in allowing a detective to identify the defendant at trial in a surveillance video. As the Court of Appeals recently explained in People v Mosley (41 NY3d 640), identification testimony from a lay witness may only be admitted where (1) the witness has had sufficient contact with the defendant to achieve a level of familiarity that renders the lay opinion helpful, and (2) the jury needs the witness's assistance (see id. at 648-649). Here, the evidence did not support a finding that the detective had sufficient contact with the defendant to achieve a level of familiarity that rendered the detective's opinion helpful. However, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to his conviction (see People v Robbs, 233 AD3d 1456, 1458).
The defendant's remaining contentions are without merit.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court